Edwards v. Fitzhugh, 18 N. M. 424.

[No. 1603, December 17, 1913.]

J. S. EDWARDS et al., Plaintiffs; THE CLOVIS NA-
TIONAL BANK, Appellees, v. J. S. FITZHUGH,
Defendant, Appellant.

SYLLABUS (BY THE COURT)

1.   A's property was sold under foreclosure judgment, to
satisfy the mortgages of B Senior and C Junior mortgages;
C at the sale bid in the property for the sum of the mortgage
debts, interest, and costs as shown by the judgment. After
the sale B discovered that he had been overpaid. Such over-
payment was caused by an erroneous calculation of interest.
B paid the excess into court. Held that as long as the judg-
ment remained in force, the sum paid by B into court is not
a surplus of the foreclosure sale, remaining after the mort-
gage debts were satisfied, and as such the property of A as
mortgagor and owner of the equity of redemption.

P. 426

2.   Where the appellant has no interest in a sum of
money, an assignment of error that the trial court erred in
its disposition of such sum, will not be considered on appeal.

P. 426

Appeal from the District Court of Curry County; G. A.
Richardson, District Judge; affirmed.

HARRY L. PATTON; H. D. TERRELL, Clovis, N. M., for
appellant.

The doctrine of caveat emptor applies.   Hord's Admrs.
v. Colbert, 28 Gratt. (Va.) 49.

The client cannot plead negligence of his attorney as
grounds for relief.   Williams v. Jones, (N. M.) 85 Pac.
399; 3 A. & E. Enc., 2d ed., 324; Putnam v. Day, 22
Wall. 64; Terry v. Commercial Bank, 92 U. S. 454; 24
Cyc. 42; Reed v. Dyer, 83 Va. 275; Long v. Weller's Es-
tate, 29 Gratt. 347.

Relief will not be granted where the surprise or mistake

was due to the parties' own negligence, or could have been prevented by the exercise of ordinary prudence. 27 Cyc. 1714; Parkhurst v. Cory, 11 N. J. Eq. 233; Houseman v. Wright, 50 N. Y. App. Div. 606.

A bidder who was not a party to the action would be entitled to no relief under allegations such as are contained in appellee's motion, and appellee, by becoming a bidder at the sale, assumes a like position. Hord's Admrs. v. Colbert, 28 Gratt. 49; Gregory v. Peoples, 80 Va. 355.

A. W. HOCKENHULL, Clovis, N. M., for appellees.

Reply brief for appellant:

Counsel fails to cite in full the general rule as to payment of surplus. 27 Cyc. 1767.

Questions raised for the first time on appeal will not be considered by the appellate court. Romero v. Coleman, 11 N. M. 533; Chaves v. Myers, 11 N. M. 333.

A party cannot plead the negligence of his attorney as grounds for relief. Williams v. Jones, 85 Pac. (N. M.) 399.

## STATEMENT OF FACTS.

In this action, the appellant Fitzhugh, had been sued on two mortgages, of which one Brickey was the senior and the Clovis National Bank the junior mortgagee. Judgment was confessed by Fitzhugh and a sale of the property conveyed by the two mortgages was ordered and made. The Clovis National Bank became the purchaser at the sale, bidding what appeared by the judgment the total of the two mortgage debts, interest, costs and attorney fees. The Bank paid Brickey the amount due him as appeared from the judgment. After being paid Brickey discovered he had been overpaid in the sum of $772.78, the mistake being due to an erroneous calculation of interest. Being willing to refund what did not belong to him, but in a manner that would not expose him to any liability, he asked to be permitted to pay the sum into court. The Clovis National Bank then filed its motion

---

---

to re-open the case, set aside and correct Brickey's judg-ment, correct its bid and if necessary order a resale of the property and order the sum in court paid to it. Fitzhugh opposed this motion, claiming the fund. Upon hearing the court found that the Bank was entitled to the money, ordered the sum paid into court and held for the further order of the court. Fitzhugh appeals.

## OPINION OF THE COURT.

MECHEM, D. J.—The appellant's claim to the fund is put upon one ground, viz: that it is a surplus, of the foreclosure sale remaining after the satisfaction of the mortgagedebts, and as such belongs to him as mortgagor and owner of the equity of redemption.

Although the appellee asked that the judgment be set aside and corrected, this was not done and the judgment remains in full force and effect. The judgment is con-clusive as to the amount of the mortgage debts. As far as the record shows, the property was sold for less than the amount of the mortgage debts, interest, attorney's fees and costs. Therefore there is no surplus. Such being the foundation of appellant's claim to the fund in contro-versy, the court did not err in denying it.

As the appellant has no right to the fund, he is not interested in its disposal and for that reason the as-signment of error to the finding of the court that the appellee is entitled to the fund, is not considered.

The judgment of the lower court is affirmed.