407 P.2d 367

**J. C. YOAKUM, Plaintiff-Appellee and Cross-Appellee,**

**v.**

**WESTERN CASUALTY AND SURETY COMPANY, a corporation, Defendant-Appellant,**

**and**

**Santa Fe National Bank, a corporation, Defendant-Appellee and Cross-Appellant.**

**No. 7598.**

Supreme Court of New Mexico.

Nov. 1, 1965.

**530**

---

Palmer & Frost, Farmington, for plaintiff-appellee.

McAtee, Toulouse, Marchiondo, Ruud & Gallagher, Mary C. Walters, Albuquerque, for defendant-appellant.

. Seth, Montgomery, Federici & Andrews, Fred C. Hannahs, Santa Fe, for defendant-appellee.

MOISE, Justice.

On April 2, 1962, Jones Motor Company, a corporation, hereinafter referred to as Jones, was operating a new and used car business in Albuquerque. On that date

plaintiff purchased a Ford pick-up truck and camper for $2,418.95 cash and received possession thereof with assurances that a clear certificate of title would be delivered in due course.

This never came to pass because, as was subsequently determined, title to the pick-up truck stood in the name of Commercial Car and Truck Leasing Company, a subsidiary of Jones. A duly recorded chattel mortgage securing a $1,920.00 indebtedness had been executed by Commercial Car and Truck Leasing Company to Jones, and by it asssigned to Santa Fe National Bank, hereinafter referred to as Bank, and was outstanding against the truck.

Plaintiff brought suit against Jones, the Bank, and Western Casualty & Surety Company, a corporation, hereinafter referred to as Surety, seeking immediate delivery of clear title as well as damages against Jones and Surety. Surety wrote the bond required to be filed by Jones to procure its dealer's license.

While the suit was pending, Jones was declared bankrupt and defaulted in the action. The Bank answered, setting up certain defenses and cross-claimed seeking judgment for the unpaid balance of the note, interest and attorney fees, and foreclosure of its chattel mortgage. The Surety answered denying generally the allegations of the complaint and, as affirmative defenses, (1) denied the validity of the claimed lien of the Bank; (2) argued that

plaintiff, as a bona fide purchaser, was entitled to title to the truck, free and clear of the claims of the Bank; (3) alleged that the Bank knew or should have known that the truck was being offered for sale and should be estopped to make any claim against the plaintiff purchaser; and (4) asserted that plaintiff was contributorily negligent in making the purchase.

The cause was tried to the court and resulted in a judgment in favor of the Bank and against plaintiff and Jones, for $1,-280.00 plus attorney fees, and decreed that the Bank was entitled to possession and foreclosure of its chattel mortgage. The court further decreed that upon payment to the Bank, plaintiff was entitled to title to the truck, free and clear of the lien. In turn, plaintiff was given judgment against Jones and the Surety for the amounts necessary to satisfy the lien of the Bank, its attorney fees and an item of $60.00 travel expense incurred by plaintiff.

Surety gave timely notice to plaintiff, the Bank, and Jones of its appeal from the judgment "in favor of the plaintiff." Bank filed timely cross appeal from the court's conclusion of law that "Plaintiff was a bona fide purchaser," and duly filed four assignments of error.

Thereafter, this court sustained a motion of the Bank that the appeal by the Surety, insofar as it constituted an attempt to attack the judgment in favor of the Bank, should be dismissed. Remaining for consideration by us is the Surety's attack on the judgment in favor of plaintiff. Two points are relied on for reversal. First, it is claimed that the court erred in admitting the chattel mortgage into evidence; and second, that the lien of the chattel mortgage was not effective as against plaintiff because he was a bona fide purchaser for value without notice, and accordingly should have prevailed against the Bank, in which event Surety would not be liable.

In argument on the first point, Surety asserts that because of certain defects and omissions in the chattel mortgage and assignment, no rights as against plaintiff could be established. These defects are the absence of a corporate seal from the mortgage and failure to have it properly acknowledged, as well as the total absence of an acknowledgment on the assignment.

We do not decide if the legal effect of these errors or omissions would be as claimed by the Surety. If plaintiff were asserting by way of appeal that they had this effect and that the court had erred in granting judgment to the Bank, we would be called upon to decide the point. Plaintiff has not appealed and, as between it and the Bank, the court's judgment is final. Indeed, Surety fully recognizes that this is true when it states in its brief, "Involved in this appeal, however, are only the surety company and the bank."

Surety's liability is limited by its surety agreement given in compliance with § 64–8–6, N.M.S.A. 1953, which requires a

surety bond for purchasers from an automobile dealer " * * * conditioned upon payment of any loss, damage and expense sustained by the purchaser * * * by reason of failure of the title of the vendor, * * *." Nothing beyond the judgment, final as between the parties here, that the lien of the Bank was a valid lien against the truck is necessary to demonstrate the loss and damages suffered by plaintiff, and under the plain terms of the bond, the Surety is accordingly liable to plaintiff. The obligation assumed by the Surety is that required by the statute and, when the conditions there set forth upon which liability depends have come to pass, absent fraud or collusion, no reasons whereby liability might have been averted will be considered. Monte Rico Milling & Mining Co. v. United States Fidelity & Guaranty Co., 35 N.M. 616, 5 P.2d 195, cert. denied, 286 U.S. 544, 52 S.Ct. 496, 76 L.Ed. 1281; Southwestern Sash & Door Co. v. American Employers' Ins. Co., 37 N.M. 212, 20 P.2d 928.

By Surety's second point it would argue that plaintiff "was a bona fide purchaser for value without knowledge of any preexisting lien in the ordinary course of business." As such, it is asserted that plaintiff's rights were superior to those of the Bank, and therefore that Surety's rights are likewise superior.

This point must be ruled against Surety for the same reasons stated above in disposing of its first point. The Bank's lien having been adjudged to be superior to plaintiff's claim, and this adjudication having become final, the plaintiff is bound thereby and has been damaged by reason of the failure of vendor's title in the amount determined by the court. Surety could have preserved the right to have the correctness of this determination reviewed in this court. Having failed to do so, it should not be heard to deny that it is bound by the undertakings of its bond. We find none of the elements here present which, in Morris v. Fitzgerald, 73 N.M. 56, 385 P.2d 574, prompted us to say that failure to cross appeal under the facts there present "should not prevent us from entering a proper order where it is clear that to do otherwise would result in prejudice and inequity."

Neither do we perceive that we are "boxing with the rules" or becoming bogged "into false procedural pitfalls" as suggested by the Surety. To the contrary, we are fully convinced that to do otherwise than as we have here determined would have the opposite effect from that suggested by Surety.

Plaintiff asks that in addition to the expenses adjudged in his favor in the lower court, attorney fees should be allowed in this court. He has been put to expense in appearing in this court and, under the Surety's bond guaranteeing the payment of any loss or damages resulting from failure

 

of title, he is entitled to be reimbursed such reasonable expenses as have directly resulted because of the vendor's default. Thus he is entitled to recover reasonable attorney fees for representation in this court. Wells v. Aetna Insurance Co., 60 Wash.2d 880, 376 P.2d 644; Bates v. Simpson, 121 Utah 165, 239 P.2d 749; Compare Dinkle v. Denton, 68 N.M. 108, 359 P.2d 345. The sum of $750.00 is adjudged a reasonable attorney fee for handling the appeal in this court.

The appeal of the Surety is without merit and the judgment will accordingly be affirmed, with attorney fees to plaintiff as above stated. It is so ordered.

CHAVEZ and NOBLE, JJ., concur.