474 P.2d 478

Dolona CABOT, Plaintiff-Appellant,

v.

FIRST NATIONAL BANK OF SANTA FE, Defendant-Appellee.

FIRST NATIONAL BANK OF SANTA FE, Plaintiff-Appellee,

v.

Dolona CABOT, Defendant-Appellant.

No. 8939.

Supreme Court of New Mexico.

Sept. 14, 1970.

**796**

Chavez & Roberts, Santa Fe, for appellant.

White, Gilbert, Koch & Kelly, John F. McCarthy, Jr., Santa Fe, for appellee.

## OPINION ON MOTION FOR ATTORNEY FEES

WATSON, Justice.

Appellee, having received our affirmance of its judgment on a promissory note, which judgment included an allowance by the trial court of attorney fees in the sum of $300, has filed a motion for the allowance of additional attorney fees for the services of its attorneys on appeal. The note, which was in the principal sum of $1,034.00, included the following provision:

" * * * [W]e jointly and severally promise and agree to pay all cost of collection, including reasonable attorney's fees, if suit be brought on this note, or if attorneys are employed to collect the same * * *."

Appellee, citing Dankert v. Lamb Finance Company, 146 Cal.App.2d 499, 304 P.2d 199 (1957); Vaughn v. Vaughn, 91 Idaho 544, 428 P.2d 50 (1967); and Shoup v. Mayerson, 454 P.2d 666 (Okl.1969), contends that the contract entered into by the appellant contemplates the additional allowance of attorney fees for defending the appeal, which should now be included in its judgment. Appellant, however, contends that this cannot be done because: (1) Co-defendant Hugh Cabot, not having appealed, is not before the court; (2) the note has now merged into a judgment to which we cannot add on appeal; and (3) the matter is one of public policy, which should be decided by the legislature.

█ If the additional fees are otherwise recoverable, we do not believe that they can be avoided by appellant simply because her co-defendant did not appeal. The decision to appeal was made by her; she is the unsuccessful party; and if she is barred from reimbursement from her co-defendant (a determination which is not to be made by this court), it is because of her actions and not appellee's.

█ While, in a number of cases from other jurisdictions, applications for attorney fees on appeal have been denied, on the ground that any rights existing by virtue of the parties' contract have merged in the judgment, those cases seem to be in the minority. See Annot. 52 A.L.R.2d 863 (1957) on this subject. (See also A.L.R.2d Later Case Service.) We agree with the reasoning used by the Idaho court in Vaughn v. Vaughn, supra, to the effect that the purpose of a provision for attorney fees in a note is to enable the noteholder to recover the full amount of the debt without deduction for legal expenses. This reasoning was followed in our holding in Yoakum v. Western Cas-

ualty and Surety Company, 75 N.M. 529, 407 P.2d 367 (1965), where we allowed additional attorney fees on appeal against the surety on an automobile dealer's bond, which guaranteed the payment of any loss or damage for failure of title. Cf. Dinkle v. Denton, 68 N.M. 108, 359 P.2d 345 (1961). As a general rule, the cause of action does merge into the judgment, but the incident of the old debt may be carried forward to prevent the inequitable destruction of a contract right. Tindall v. Bryan, 54 N.M. 114, 215 P.2d 355 (1950).

We do not believe the matter involves a public policy determination which need be made by the legislature since this court has heretofore, in exceptional cases, approved the award of attorney fees without legislative fiat, both in the trial court and on appeal. See Gregg v. Gardner, 73 N.M. 347, 388 P.2d 68 (1963), where the general rule and the cases concerning allowance by the trial court are set forth. Even without specific statutory authorization for such procedure, this court has allowed additional attorney fees on appeal in divorce actions. Fitzgerald v. Fitzgerald, 70 N.M. 11, 369 P.2d 398 (1962); Jones v. Jones, 67 N.M. 415, 356 P.2d 231 (1960); and Lord v. Lord, 37 N.M. 454, 24 P.2d 292 (1933).

We, therefore, conclude that an additional allowance for attorney fees on appeal can be made in this case.

Where our Mechanics' and Materialmen's Lien Statute (§ 61–2–13, N.M.S.A., 1953 Comp.) allows the trial court to fix attorney fees in both the district and appellate courts, we have remanded with direction to the district court to allow and fix the attorney fees for appellee's counsel as additional costs in its discretion. Dunson Contractors, Inc. v. Koury, 76 N.M. 723, 418 P.2d 66 (1966). But where our Workmen's Compensation Statute (§ 59–10–23(D), N.M.S.A., 1953 Comp.) allows the appellate court to award attorney fees for services rendered on appeal, we have fixed the fee. Gonzales v. Allison &

Haney, Inc., 71 N.M. 478, 379 P.2d 772 (1963).

Here we have no statutory directive, and no request has been made that we remand. We determine from the record before us that a reasonable attorney fee for appellee on this appeal is $150.00.

Our original opinion will be modified only insofar as the allowance of the additional sum as attorney fees for the appeal is herein provided.

It is so ordered.

TACKETT, SISK and McKENNA, JJ., concur.

COMPTON, C. J., not participating.