516 P.2d 201

**In the Matter of John DOE, a child, Appellant.**

**No. 1313.**

Court of Appeals of New Mexico.
Oct. 31, 1973.

**692**

Stephen F. Grover, Farmington, for appellant.

David L. Norvell, Atty. Gen., Andrea Buzzard, Asst. Atty. Gen., Byron Caton, Asst. Dist. Atty. and Sp. Asst. Atty. Gen., Santa Fe, for respondent State of N.M.

OPINION

WOOD, Chief Judge.

This interlocutory appeal involves the Children's Code and the authority of the children's court to act on a petition to retain custody of an adjudicated delinquent. Three items require discussion: (1) the caption of the case; (2) jurisdiction of this Court; and (3) jurisdiction of the children's court.

*Caption of the case.*

█ Section 13–14–36(A), N.M.S.A.1953 (Repl.Vol. 3, Supp.1973) states: ". . . The name of the child shall not appear in the record on appeal." The appellate record shows the name of the child. In conformance with § 13–14–36(A), supra, the Clerk of the Court of Appeals is directed to delete the child's name from all records in this Court and substitute the fictitious name of "John Doe."

*Jurisdiction of the Court of Appeals.*

█ Section 13–14–36(A), supra, states: "Any party may appeal from a judgment of the [children's] court to the court of appeals in the manner provided by law. . . ." In this case the child is appealing from an order of the children's court. The question is whether such an appeal is authorized by law.

The order appealed from is interlocutory. The order does not ". . . practically dispose of the merits of the action . . ." and is not a final judgment in a special statutory proceeding. The order is not appealable under § 21–2–1(5), N.M.S. A.1953 (Repl.Vol. 4), subsections (2) and (6).

Section 21–10–3, N.M.S.A.1953 (Repl. Vol. 4, Supp.1973) authorizes interlocutory appeals to this Court "[i]n any civil action or special statutory proceeding in the district court. . . ." The petition in this case is a proceeding authorized by § 13–14–35, N.M.S.A.1953 (Repl.Vol. 3, Supp. 1973), paragraph (H). The children's court is a division of the district court. Section 13–14–4, N.M.S.A.1953 (Repl.Vol. 3, Supp.1973). Accordingly, the appeal is authorized by § 21–10–3, supra, and this Court has jurisdiction of the appeal.

*Jurisdiction of the children's court.*

█ John Doe was found to be a delinquent child and in need of supervision. By order dated November 22, 1972, he was

placed in the custody of the New Mexico Boys' School at Springer ". . . until he reaches his eighteenth birthday or sooner released by the authorities of said school."

On July 10, 1973, prior to John Doe's eighteenth birthday, a petition was filed by the Department of Corrections [see §§ 42–9–1 through 42–9–11, N.M.S.A.1953 (2d Repl.Vol. 6)] alleging that John Doe ". . . now in custody of the . . . Boys' School . . . is in need of care and rehabilitation extending beyond the one year limit. . . ." The petition sought an order extending the custody period "not to exceed one additional year."

John Doe, by special appearance, moved to dismiss the petition of July, 1973 on the basis the court ". . . has no jurisdiction to act further in this case or to grant said Petition." The appeal is from the order denying the motion to dismiss.

Section 13–14–12, N.M.S.A.1953 (Repl. Vol. 3, Supp.1973) provides that jurisdiction by the court over ". . . the subject matter and the child is automatically terminated . . . (C) . . . when the court enters an order under section 31 . . . for the transfer of legal custody of an adjudicated delinquent child to an agency responsible for the care and rehabilitation of delinquent children. . . ." Section 31(B) [§ 13–14–31(B), N.M.S.A. 1953 (Repl.Vol. 3, Supp.1973)] authorizes the court to transfer legal custody of a child found to be delinquent to an agency responsible for the care and rehabilitation of delinquent children. No claim is made that the Boys' School is not an agency responsible for the care and rehabilitation of delinquent children. See § 42–4–1, N.M.S. A.1953 (2d Repl.Vol. 6).

Section 13–14–35, supra, subparagraph (A), provides a judgment vesting legal custody of a child in an agency ". . . shall remain in force for an indeterminate period not exceeding one [1] year from the date entered, except that a judgment

transferring legal custody of an adjudicated delinquent child to an agency responsible for the care and rehabilitation of delinquent children divests the court of jurisdiction at the time of transfer of custody in accordance with section 12 [13–14–12] of the Children's Code. . . ."

In contending that the children's court had no jurisdiction to act on the petition filed in July, 1973, John Doe relies on §§ 13–14–12(C) and 13–14–35(A), supra. These sections, however, apply to the custody order of November, 1972. After entry of the November, 1972 order, the children's court had no further jurisdiction under the express language of the above two sections.

This, however, did not foreclose future court action in connection with the child adjudicated a delinquent. Section 13–14–35(H), supra, states:

"When a child reaches eighteen [18] years of age all judgments affecting the child then in force automatically terminate except that an agency to which the legal custody of an adjudicated delinquent child has been transferred for care and rehabilitation may request the court that made the original transfer of custody for authority to retain legal custody of the child for a period not to extend beyond the child's twenty-first birthday. The request by the agency shall be made by filing a petition and the petition must be filed before the child's eighteenth birthday, or before the expiration of one [1] year from the date of the judgment, whichever occurs later. The petition shall state the reasons why the child is in need of care and rehabilitation extending beyond his eighteenth birthday. A hearing shall be held by the court and conducted as hearings on original petitions are conducted. All of the procedural safeguards and the basic rights contained in the Children's Code shall apply to the hearing and proceedings in connection with it. If the court finds on the basis of clear and convincing evi-

dence, competent, material and relevant in nature, that the child is in need of further care and rehabilitation, it may extend the agency's legal custody to a date not extending beyond the child's twenty-first birthday."

Section 13–14–35(H), supra, contemplates a new petition by the legal custodian of the adjudicated delinquent child and authorizes the custodian to seek an extension of the period of legal custody. This section specifically authorizes the children's court to hold a hearing "as hearings on original petitions are conducted" and specifically authorizes the children's court to extend the period of legal custody within specified limits. This section authorizes the children's court to act on the petition filed in July, 1973.

The children's court, having jurisdiction to consider the petition, did not err in denying the motion to dismiss. The order denying the motion is affirmed. The cause is remanded with instructions to consider the July, 1973 petition on its merits.

It is so ordered.

HENDLEY and LOPEZ, JJ., concur.