545 P.2d 491
**In the Matter of John DOE, a child.**
No. 2118.

Court of Appeals of New Mexico.
Dec. 30, 1975.
Certiorari Denied Feb. 6, 1976.

Toney Anaya, Atty. Gen., Richard A. Griscom, David S. Cohen, Sp. Asst. Attys. Gen., Santa Fe, Stephen J. E. Sprague, Sp. Asst. Atty. Gen., Albuquerque, for appellant.

James L. Brandenburg, Dist. Atty., Robert R. Rickard, Asst. Dist. Atty., Albuquerque, for appellee.

## OPINION

HENDLEY, Judge.

The Health and Social Services Department appeals an order of the Children's Court involving a minor child alleged to be in need of supervision. The court found that the child was in need of psychiatric treatment; that the child's stepfather could not afford to pay the child's psychiatric treatment; and, that the State of New Mexico did not have an appropriate facility to treat the child. The court then ordered the child, pursuant to § 13–14–32, N.M.S.A.1953 (Repl.Vol. 3, 1968, Supp.1973) of the Children's Code to be committed to Nazareth Sanitorium, a private hospital, for a period of thirty days; placed the child in the temporary custody of the department; and ordered the department to pay the entire cost of the child's stay in the Nazareth Sanitorium. The points on appeal are: (1) that the district court did not have jurisdiction over the department when it issued its order; (2) that the judge exceeded the jurisdiction of the Children's Court in ordering the department to pay the cost of the child's stay at Nazareth Sanitorium; and, (3) that the

court's order violates Art. III, § 1, of the New Mexico Constitution. We affirm as to point one, reverse as to point two and do not reach point three.

*Jurisdiction*

■ The department contends that the court did not have jurisdiction in that the department had no prior involvement in the case, had no knowledge of the case, was not served with notice or other service of process concerning the hearing held in the case and did not make any appearance at the hearing. Section 13–14–32(B), N. M.S.A.1953 (Repl.Vol. 3, 1968, Supp.1973) provides:

". . . If in a hearing at any stage of a proceeding on a petition under the Children's Code the evidence indicates that the child may be suffering from mental retardation or mental illness, *the court may transfer legal custody of the child for a period not exceeding thirty [30] days to an appropriate agency for further study and a report on the child's condition.* If it appears from the report and study that the child is committable under the laws of this state as a mentally retarded or mentally ill minor, the court may order the child detained if appropriate under the criteria established by the Children's Code and shall initiate proceedings for the commitment of the child as a mentally retarded or mentally ill minor." (Emphasis added).

This section of the Children's Code confers a legislative grant of jurisdiction to the courts. The court has jurisdiction to transfer the child to the appropriate agency for further study and a report on the child's condition. Compare *Melfi v. Goodman,* 69 N.M. 488, 368 P.2d 582 (1962).

■ The department also asserts it is a "person" within the meaning of § 13–14–3(K), N.M.S.A.1953 (Repl.Vol. 3, 1968, Supp.1973) and accordingly, must be made a party to any action whereby it will be affected. The answer to this assertion is simply that the department is not a "person" within the meaning of the Children's Code. Thus, the department need not be made a party to nor is its presence required in any action filed pursuant to the Children's Code where it may be ordered to assume certain responsibilities pursuant to the Children's Code.

*Court Exceeding Jurisdiction*

As an introduction to this argument the department urges that it is not *the* "appropriate agency." "Appropriate agency" is *not defined by the Children's Code.* We need only decide whether the department is *an* "appropriate agency."

Section 12–34–23, N.M.S.A.1953 (Repl. Vol. 3, 1968, Supp.1973) states in part:

". . . The health and social services department has authority to:

"A. establish, administer and supervise child welfare activities and social services to children, including, but not limited to:

"(1) crippled children and children suffering from conditions which lead to crippling. The health and social services department also may supervise the administration of those services to crippled children which are not administered directly by it;

"(2) children placed for adoption;

"(3) homeless, dependent and neglected children;

"(4) children in foster family homes or institutions because of dependency or neglect; and

"(5) children who because of physical or mental defect may need such services;"

■ From the foregoing it is abundantly clear that the department is within the definition of an appropriate agency.

■ The department contends that even if it is an appropriate agency the Children's Court exceeded its jurisdiction in ordering it to pay the costs of the child's stay at the Nazareth Sanitorium. We agree.

Section 13–14–32(B), supra, provides in part that:

". . . the court may transfer legal custody of the child for a period not exceeding thirty [30] days to an appropriate agency for further study and a report on the child's condition. . . ."

This section of the Children's Code limits the court's jurisdiction to a transfer of legal custody for a limited time and purpose. The court is not empowered to commit the child to a private psychiatric hospital and then order the department to pay the cost of such treatment.

Section 13–14–38, N.M.S.A.1953 (Repl. Vol. 3, 1968, Supp.1973), provides who is to pay when the court orders medical and other examinations of a child. This section states in part:

". . . A. The following expenses shall be a charge upon the funds of the court upon their certification by the court:

"(1) the costs of medical and other examinations and treatment of a child ordered by the court;"

Accordingly, we hold that the Children's Court has jurisdiction to transfer custody of the child to the department without the department being made a party to the action. However, once this transfer has been accomplished the Children's Court has no authority to go beyond the powers granted by § 13–14–32(B), supra. Should the Children's Court exceed that grant of authority and order "medical and other examinations and treatment of [the] child", the expenses charged shall be paid from the funds of the court.

It is so ordered.

SUTIN and LOPEZ, JJ., concur.