566 P.2d 121

**STATE of New Mexico, Plaintiff-Appellant,**

v.

**John DOE, a child, and John Doe, a child, Defendants-Appellees.**

**Nos. 2941 and 2942.**

Court of Appeals of New Mexico.

June 14, 1977.

Rehearing denied June 10, 1977.

Ralph W. Muxlow, II, Asst. Atty. Gen., Toney Anaya, Atty. Gen., Santa Fe, for plaintiff-appellant.

Richard Jay Grodner, Prelo & Grodner, P. A., Albuquerque, for defendants-appellees.

## OPINION

WOOD, Chief Judge.

These consolidated appeals involve delinquent children committed to the Boy's School at Springer, New Mexico, after an unchallenged finding that they were mentally ill. The appeals were taken by the Secretary of Corrections and the Superintendent of the Boy's School. We discuss: (1) the party appellant, (2) the issues on appeal, (3) commitment of mentally ill delinquents, (4) treatment of the children, and (5) release of the children.

The first two issues are procedural; the last three issues are substantive. The substantive issues arise because of the effort of the Children's Court to provide an appropriate disposition for the mentally ill delinquents. Two decisions are background for the substantive issues. *Carter v. Montoya*, 75 N.M. 730, 410 P.2d 951 (1966) held that under the old juvenile law, the juvenile court could not order the Los Lunas Hospital and Training School to admit a mentally retarded juvenile. *Matter of Doe*, 88 N.M. 632, 545 P.2d 491 (Ct.App.1976) held that § 13–14–32(B), N.M.S.A.1953 (Repl.Vol. 3, pt. 1) limits the authority of the Children's Court to transfer a child in need of psychiatric treatment to a state agency. The transfer of the child to the custody of the Health and Social Services Department was limited to the thirty-day time period and for the purposes stated in § 13–14–32(B), supra.

Both of the children involved in these consolidated appeals admitted the delinquent acts charged in the petition and both admitted to being a delinquent child. The Children's Court found that each child was in need of supervision, care or rehabilitation. Both children were committed to the Department of Corrections at Springer. Insofar as they may be isolated from the matters in the following paragraph, no challenge is made to the propriety of the matters identified in this paragraph. See § 13–14–31(B)(2), N.M.S.A.1953 (Repl.Vol. 3, pt. 1).

An unchallenged finding as to each child reads: "That said Child is a mentally ill Child and there are no facilities in New Mexico able to provide care for him in a psychiatric milieu." The judgment as to

each child provides that the child be provided psychiatric care while in the custody of the Department of Corrections. The judgment in No. 2942 also orders that the Department of Hospitals and Institutions become involved in providing psychiatric care to the child in that case. In No. 2941, the judgment orders that the child not be released from the Boy's School without prior approval of the Children's Court. In No. 2942, the judgment orders the child to come before the Children's Court before being released or granted parole. The matters referred to in this paragraph are the basis for the substantive issues in this appeal.

*Party Appellant*

■ Section 13–14–36(A), N.M.S.A.1953 (Repl.Vol. 3, pt. 1) states that any *party* may appeal the Children's Court judgment. Children's Court Rule 9(a) states that in proceedings in petitions alleging delinquency, the parties are the respondent and the State, unless otherwise ordered by the court. In this case, up through entry of the judgment, the parties were the State and the children.

After entry of judgment, in each case, the Department of Corrections sought, and the Children's Court granted, an extension of time for filing notices of appeal. The notices of appeal were filed within the time authorized for extensions by the trial court. N.M.Crim.App. 202(c).

The notices of appeal were filed by the Secretary of Corrections and the Superintendent of the Boy's School. The reference to these two positions means the Department of Corrections. See §§ 42–9–3 and 42–9–9, N.M.S.A.1953 (2d Repl.Vol. 6, Supp. 1975). We hold the notice of appeal was filed by the Department of Corrections.

We are not required to determine whether the State, a party at the time judgment was entered, is a party different from the Department of Corrections. Children's Court Rule 9(d)(1) permits intervention, with leave of court, by the custodian of the child. The judgments placed the children in the custody of the Department of Corrections. Assuming the State and the Depart-

ment of Corrections are separate parties, intervention occurred when the Children's Court granted the Department of Corrections an extension of time in which to file the notice of appeal.

We hold that the Department of Corrections is the party appellant.

*Issues on Appeal*

■ N.M.Crim.App. 205(a) requires the docketing statement to list the issues presented by the appeal, "including a statement of how they arose in the trial court . . . ." The docketing statement for each child states that the substantive issues presented in the appeal "did not arise in the Children's Court", but that the issues could be raised on appeal. The docketing statements do not say on what basis they can be raised on appeal.

N.M.Crim.App. 308 states exceptions to the requirement that for an issue to be reviewed, the issue must have been raised in the trial court. One exception is a question of general public interest. The questions here affect the interest of the State at large. We consider them properly before us for review. Compare *State v. John Doe* (Ct.App.) 90 N.M. 536, 565 P.2d 1053, decided May 24, 1977.

*Commitment of Mentally Ill Delinquents*

■ The Children's Court found each child was mentally ill. These findings are unchallenged. No contention is made that the question of mental illness was not before the court or that the findings of mental illness were procedurally deficient. See § 13–14–37(A), N.M.S.A.1953 (Repl.Vol. 3, pt. 1).

The Department of Corrections contends that the findings of mental illness are surplusage and can be disregarded. No authority is cited in support of this claim. We do not understand how the findings can be treated as surplusage since the judgments direct the Department to provide psychiatric care and the findings of mental illness are the factual basis for this direction.

The Department of Corrections also asserts that the Children's Court exceeded its jurisdiction in committing the children to the Department. This argument is based on the view that § 13–14–31, supra, and § 13–14–32, N.M.S.A.1953 (Repl.Vol. 3, pt. 1) "provide for the mutually exclusive disposition of children." Section 13–14–31(B)(2), supra, authorizes the transfer of the legal custody of a child found to be delinquent to an agency responsible for the care and rehabilitation of delinquent children. Section 13–14–32, supra, states what the Children's Court "may" do in a situation where there is a question of mental illness.

Section 13–14–32, supra, states:

"A. If in a hearing at any stage of a proceeding on a petition under the Children's Code [13–14–1 to 13–14–45] the evidence indicates that the child is mentally retarded or mentally ill, the court may:

"(1) order the child detained if appropriate under the criteria established under the Children's Code; and

"(2) initiate proceedings for the commitment of the child as a mentally ill or mentally retarded minor.

"B. If in a hearing at any stage of a proceeding on a petition under the Children's Code the evidence indicates that the child may be suffering from mental retardation or mental illness, the court may transfer legal custody of the child for a period not exceeding thirty [30] days to an appropriate agency for further study and a report on the child's condition. If it appears from the report and study that the child is committable under the laws of this state as a mentally retarded or mentally ill minor, the court may order the child detained if appropriate under the criteria established by the Children's Code and shall initiate proceedings for the commitment of the child as a mentally retarded or mentally ill minor.

"C. If a child is committed as a mentally retarded or mentally ill child under this section, the petition shall be dismissed."

We do not agree that the two statutes are mutually exclusive. The word "may" in § 13–14–32, supra, is "permissive or directory". Section 1–2–2, N.M.S.A.1953 (Repl. Vol. 1, Supp.1975). When the court proceeds under § 13–14–32, supra, its authority as to what it may do is limited as stated in that section. *Matter of Doe,* supra. Thus, if a child is committed as mentally ill, the Children's Court petition is to be dismissed. Section 13–14–32(C), supra. However, the Children's Code does not make § 13–14–32, supra, the exclusive method of handling a mentally ill child who is also a delinquent child.

Section 13–14–2(D), N.M.S.A.1953 (Repl. Vol. 3, pt. 1) states a legislative purpose of providing "appropriate and distinct dispositional options for treatment and rehabilitation" of delinquent children. In these appeals, the delinquent children are in need of care and rehabilitation, and the Boy's School is an appropriate facility to provide care and rehabilitation. However, the children are mentally ill and the unchallenged findings are that there are no New Mexico facilities able to care for them in a "psychiatric milieu". Thus, the Children's Court fashioned "an appropriate and distinct" dispositional option; it ordered that psychiatric care be provided while at the Boy's School. Section 13–14–32, supra, does not prohibit such a disposition; § 13–14–2(D), supra, authorizes this disposition.

The Children's Court did not err in committing mentally ill, delinquent children to the Boy's School and in ordering that psychiatric care be provided.

*Treatment of the Children*

The judgments order that psychiatric care be provided to the children while they are in the custody of the Boy's School. We have held this was a permissible disposition. We add that this is treatment ordered by the court, the cost of which is to be paid from court funds. Section 13–14–38, N.M. S.A.1953 (Repl.Vol. 3, pt. 1); *Matter of Doe,* supra.

The judgment in No. 2942 ordered D.H.I. (Department of Hospitals and Institutions)

"to become involved in providing psychiatric care" while the child is in the custody of the Department of Corrections. We doubt that this provision has any legal effect upon D.H.I. Custody has not been transferred to D.H.I. *Matter of Doe,* supra. There is nothing before us indicating that D.H.I. was involved in any "matters in issue" in this case. See *Bell v. Odil,* 60 N.M. 404, 292 P.2d 96 (1956). However, we need not decide the legal effect upon D.H.I. of the portion of the judgment stating that D.H.I. was "to become involved."

■ D.H.I. was not a party to the proceedings before the Children's Court and is not a party to this appeal. D.H.I. is not complaining of the "become involved" provision. It is the Department of Corrections that is complaining of this provision; it does not pertain to the Department of Corrections. Since the "become involved" provision does not affect the Department of Corrections, its complaint about this provision will not be considered. *Edwards v. Fitzhugh,* 18 N.M. 424, 137 P. 582 (1913); see *Yoakum v. Western Casualty and Surety Company,* 75 N.M. 529, 407 P.2d 367 (1965).

*Release of the Children*

■ The judgment in No. 2941 provides that the child is not to be released without prior approval of the Children's Court. The judgment in No. 2942 provides that the child is to come before the Court before being released or granted parole. The Department of Corrections asserts the Children's Court had no authority to enter either of these provisions. We agree.

The authority of the Children's Court over the children terminated when it transferred these delinquent children to the Boy's School for care and rehabilitation.

Sections 13–14–12(C) and 13–14–35(A), N.M.S.A.1953 (Repl.Vol. 3, pt. 1); *In Re Doe,* 85 N.M. 691, 516 P.2d 201 (Ct.App. 1973). Under these circumstances, the Boy's School "has the exclusive power to parole or release the child". Section 13–14–35(A)(1), supra.

The provisions in the judgments involving the Children's Court in the release or parole of the children (second paragraph 2 of the judgment in No. 2941; second paragraph 5 of the judgment in No. 2942) are reversed. In other respects, the judgments of the Children's Court are affirmed. Both cases are remanded to the Children's Court for entry of corrected judgments consistent with this opinion.

IT IS SO ORDERED.

LOPEZ, J., concurs.

HENDLEY, J., specially concurs.

HENDLEY, Judge (specially concurring).

I fully concur in the majority opinion and add the following since it is not properly a part of the opinion.

This is not the first time we have seen the Children's Court Judges attempt to fashion remedies which will meet the needs of the child. We can understand and appreciate their concern and frustration when confronted with these types of problems. In these instances the statute becomes a shackle rather than an instrument of correction. Legislative attention is needed.