579 P.2d 801

**HEALTH AND SOCIAL SERVICES DEPARTMENT, Plaintiff-Appellant,**

v.

**John DOE, a child, Defendant-Appellee.**

**No. 3532.**

Court of Appeals of New Mexico.

April 25, 1978.

Toney Anaya, Atty. Gen., Santa Fe, Garry Wamser, Asst. Atty. Gen., Legal Services Bureau of H.S.S.D., Santa Fe, for plaintiff-appellant.

John B. Bigelow, Chief Public Defender, Martha A. Daly, Asst. Appellant Defender, Santa Fe, for defendant-appellee.

OPINION

WOOD, Chief Judge.

The Children's Court found that the child had committed a delinquent act and was in need of care or rehabilitation. The court "ORDERED that legal custody of the child be placed with the Health and Social Services Department of the State of New Mexico, and said Health and Social Services Department is ordered to place said child in the Vision Quest Program of Tucson, Arizona as soon as is possible." H.S.S.D. appealed. The issues are: (1) the right to appeal, (2) the transfer to H.S.S.D., and (3) the placement ordered.

*Right to Appeal*

The child moved to dismiss the appeal on the basis that the "appeal does not come within the scope of the statute permitting appeals by the State in criminal proceedings [N.M.Stat.Ann. § 21–10–3B(1975 Supp.)], and therefore the State has no authority to take the appeal." The rules of appellate procedure govern appeals from judgments of the Children's Court where the child was alleged to be delinquent or in need of supervision. N.M.Crim. App. 101(a). The applicability of these rules to an appeal does not change the fact that Children's Court matters are not criminal proceedings. Section 13–14–30, N.M.S.A.1953 (Repl. Vol. 3, pt. 1). Section 21–10–3(B), supra, is not applicable. Section 13–14–36, N.M.S.A.1953 (Repl. Vol. 3, pt. 1) authorizes any party to appeal. H.S.S.D. was a party. *State v. Doe,* 90 N.M. 572, 566 P.2d 121 (Ct.App.1977). The child's motion to dismiss is denied.

*Transfer to H.S.S.D.*

■ The docketing statement challenged the authority of the Children's Court to transfer legal custody of a delinquent child to H.S.S.D. We proposed summary affirmance as to this issue on the basis of the statute. H.S.S.D. opposes summary affirmance, arguing that we should not give effect to an express statutory provision. The statute is § 13–14–31, N.M.S.A.1953 (Repl. Vol. 3, pt. 1).

Paragraph A(3) of § 13–14–31, supra, authorizes the Children's Court to transfer legal custody of a neglected child to an agency for the care of a neglected child. H.S.S.D. is such an agency. See § 13–1–4(c), N.M.S.A.1953 (Repl. Vol. 3, pt. 1).

Paragraph B(1) of § 13–14–31, supra, authorizes the Children's Court to make any disposition of a delinquent child that is authorized for the disposition of a neglected child.

Under these statutes, the Children's Court could transfer legal custody of a delinquent child to H.S.S.D. See *Matter of Doe*, 88 N.M. 632, 545 P.2d 491 (Ct.App. 1975).

*The Placement Ordered*

■ Once the Children's Court transferred legal custody to H.S.S.D. the court's jurisdiction ended. Sections 13–14–12(C) and 13–14–35(A), N.M.S.A.1953 (Repl. Vol. 3, pt. 1). Having transferred legal custody to H.S.S.D. the Children's Court had no authority to order H.S.S.D. to place the physical custody of the child with any particular organization. Compare *State v. Doe*, 90 N.M. 572, 545 P.2d 491, supra.

Transfer of legal custody of the child to H.S.S.D. is affirmed. The order to H.S.S.D. to place the child with the Vision Quest Program is reversed.

IT IS SO ORDERED.

HENDLEY and HERNANDEZ, JJ., concur.