913 P.2d 272

**In the Matter of T.B., Child and Concerning D.B. and R.B., Respondents.**

**T.B., Child, by Peter CUBRA, his Guardian ad Litem, Petitioner–Appellant,**

v.

**STATE of New Mexico, ex rel. CHILDREN, YOUTH AND FAMILIES DEPARTMENT, Respondents–Appellees.**

**No. 15976.**

Court of Appeals of New Mexico.

Feb. 8, 1996.

466

Appeal from the District Court of Bernalillo County; Michael E. Martinez, District Judge.

Peter Cubra, Guardian ad Litem, Albuquerque, for Appellant.

Steven Douglas Looney, Crider, Calvert & Bingham, P.C., Albuquerque, for Appellees.

## OPINION

PICKARD, Judge.

1. This appeal arises out of an abuse and neglect proceeding in children's court. The issue on appeal is whether the children's court properly denied the child's Guardian ad Litem's (GaL) motion to require the Children, Youth, and Families Department (CYFD) to pay attorney fees for the GaL's efforts in pursuing an order to show cause against CYFD and against the Secretary of CYFD, Wayne Powell. After the parties filed supplemental briefs as requested by this Court, CYFD filed a motion for leave to file a response to the GaL's supplemental brief and for oral argument. We deny the motion for additional briefing and for oral argument. We affirm the district court's denial of attorney fees based on our determination that the GaL failed to establish that he was entitled to attorney fees from CYFD.

## BACKGROUND

2. CYFD has had legal custody of the child since August 1991. In the review order filed February 8, 1993, the children's court required CYFD to contact the Albuquerque Public Schools to negotiate the appointment of a surrogate parent within thirty days or to file some sort of action. The review order also required CYFD to place the child in a therapeutic foster home within six months of the hearing. The treatment plan incorporated into this order also stated that CYFD would "comply with all applicable state and federal laws concerning the mental health needs and special educational needs of the child, particularly the New Mexico Mental Health Code."

3. On July 26, 1993, the GaL filed a motion for order to show cause citing 42 U.S.C. § 1983 (1988) and § 1988 (Supp.1992). In the motion, the GaL sought to have the children's court hold CYFD in contempt for "persistently violating the Orders of this Court." In the motion and at oral argument on the motion, the GaL asserted four

grounds for the contempt: (1) CYFD's failure to have the child placed in a licensed therapeutic foster home; (2) CYFD's failure to have a surrogate parent appointed for the child pursuant to federal law; (3) CYFD's failure to provide the child with an appropriate special education program as determined by an individual educational plan; and (4) violations of the child's procedural due process rights under the New Mexico Mental Health Code. The specific relief requested in the motion was to require CYFD to submit an action plan for a system for the proper licensure and regulation of therapeutic foster care, the appointment of an appropriate surrogate parent, and a free appropriate public education. The motion also sought to have a conditional fine of $1,000 per day imposed on CYFD as a sanction for failing to comply with the court's orders. The motion also requested attorney fees.

4. After a hearing on the motion for order to show cause, the children's court entered an order on October 18, 1993, denying the motion as not well taken. In the same order denying the motion, the children's court did order CYFD to: obtain written confirmation of the appointment of the surrogate parent; have all special education testing completed and have a meeting with school officials to determine the child's special educational needs within thirty days; and obtain school books for the child as soon as possible. On November 15, 1993, the GaL moved for attorney fees for his services relating to the motion for order to show cause pursuant to NMSA 1978, Section 32A–1–19 (Repl.Pamp.1993) and § 1988. On September 14, 1994, the children's court entered an order denying this motion. In the order denying attorney fees, the children's court determined it had not found any violation of § 1983 or of its previous orders. It also determined it had entered its orders pursuant to its authority to review dispositions and revise treatment plans under state law. Although the children's court stated the GaL's actions were reasonable and appropriate with respect to this case, it concluded that the GaL was not the "prevailing party" with respect to the motion for order to show cause and was not entitled to an award of attorney fees and costs under § 1988.

5. On appeal, the GaL asserts he was the prevailing party and his actions in pursuing the order to show cause were the catalyst for remedial action by CYFD. In particular, he asserts that after an August 1993 meeting, CYFD arranged for the appointment of a surrogate parent for the child and for the integration of the foster mother's home into a therapeutic foster care treatment team along with the completion of the foster mother's training. He also asserts he obtained injunctive relief against CYFD in the children's court order requiring CYFD to provide: written confirmation of the appointment of the surrogate parent; special education testing and educational plan meeting within a thirty-day deadline; and school books for the child.

## SECTION 1988 ATTORNEY FEES

6. Section 1988 provides:

█ In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, [or] 1983 . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

Section 1988(b). The GaL argues on appeal that he was the prevailing party and the children's court abused its discretion in refusing to award him fees. As movant below, the GaL had the burden to establish whatever showing was necessary to convince the court that his motion should be granted. *See United Nuclear Corp. v. State ex rel. Martinez,* 117 N.M. 232, 235, 870 P.2d 1390, 1393 (Ct.App.1994). As appellant in this Court, the GaL has the burden to clearly show us how the trial court erred. *State ex rel. Martinez v. Lewis,* 116 N.M. 194, 206, 207, 861 P.2d 235, 247, 248 (Ct.App.), *cert. denied* (N.M. Aug. 25, 1993).

7. In order to prevail on his claim for attorney fees under § 1988, the GaL must have pled a cause of action cognizable under § 1983. *See Ramah Navajo Sch. Bd., Inc. v. Bureau of Revenue,* 104 N.M. 302, 304–05, 720 P.2d 1243, 1245–46 (Ct.App.), *cert. quashed,* 104 N.M. 201, 718 P.2d 1349, *cert. denied,* 479 U.S. 940, 107 S.Ct. 423, 93 L.Ed.2d 373 (1986). As explained below, al-

though the motion for an order to show cause cited § 1983, attorney fees were properly denied under § 1988.

8. Section 1983 provides a civil remedy for the deprivation under color of state law of "any rights, privileges, or immunities secured by the Constitution and laws." It does not create any rights, privileges, or immunities on its own. The United States Supreme Court has held that § 1983 creates a cause of action for violations by state officials of federal constitutional or statutory rights and that § 1988 attorney fees are available in state actions to enforce § 1983. *See Maine v. Thiboutot*, 448 U.S. 1, 4–10, 100 S.Ct. 2502, 2504–07, 65 L.Ed.2d 555 (1980).

9. Other than invoking § 1983, the GaL did not identify by citation what federal laws or constitutional provisions secure the rights he was seeking to enforce in the motion for order to show cause. *Cf. Chapman v. Luna*, 102 N.M. 768, 770, 701 P.2d 367, 369 (case did not present a federal question where the party did not specifically plead federal equal protection or a § 1983 claim), *cert. denied*, 474 U.S. 947, 106 S.Ct. 345, 88 L.Ed.2d 292 (1985). On appeal, the GaL has argued that the motion asserted various due process rights including violations of due process during the child's institutionalization at various times while CYFD had legal custody. We need not consider whether the due process claims presented a cognizable cause of action under § 1983 since no relief was granted on these claims or on any claims relating to the same legal theory or core of common facts. *See generally* 2 Martin A. Schwartz & John E. Kirklin, *Section 1983 Litigation: Claims, Defenses, and Fees* § 18.13, at 71 (2d ed. 1991). *See also Smith v. Robinson*, 468 U.S. 992, 1006–07, 104 S.Ct. 3457, 3465–66, 82 L.Ed.2d 746 (1984); *Maher v. Gagne*, 448 U.S. 122, 129, 100 S.Ct. 2570, 2574, 65 L.Ed.2d 653 (1980).

10. The GaL also asserts on appeal that the motion for order to show cause sufficiently alleged violations of the child's special educational rights and that these rights are secured under the Individuals with Disabilities Education Act (IDEA) and Section 504 of the Rehabilitation Act of 1973. *See* 20 U.S.C. §§ 1400 to 1485 (1988); 29 U.S.C.

§ 794 (1988). In particular, the motion for order to show cause sought enforcement of the February 1993 review order that required CYFD to contact the Albuquerque Public Schools (APS) to negotiate the appointment of a surrogate parent within thirty days or to file some sort of action. We note that none of the district court orders required CYFD, rather than APS, to actually appoint the surrogate parent. The GaL's motion also sought to have CYFD provide an appropriate free special education program. While the IDEA and Rehabilitation Act secure special education rights for eligible individuals, the GaL failed to establish in the district court or on appeal that these rights are enforceable against CYFD as legal custodian of the child.

11. The IDEA provides procedural safeguards, including the appointment of a surrogate parent, that must be followed by "[a]ny State educational agency, any local educational agency, and any intermediate educational unit which receives assistance under this subchapter." Section 1415(a). The regulations the GaL cites for the proposition that the right to a surrogate parent and a free appropriate public education is also secured by the Rehabilitation Act apply "to preschool, elementary, secondary, and adult education programs and activities that receive or benefit from Federal financial assistance." 45 C.F.R. § 84.31 (1994). Therefore, even assuming that the federal rights asserted in the motion are enforceable under the IDEA or Rehabilitation Act, the GaL failed to establish that CYFD was an educational agency or otherwise obligated to provide the rights secured by the IDEA or Rehabilitation Act. Significantly, the cases cited by the GaL in support of his argument have as defendants the state school board or local school district or other educational agency. *See, e.g., S–1 v. Turlington*, 635 F.2d 342 (5th Cir. Unit B), *certs. denied*, 454 U.S. 1030, 102 S.Ct. 566, 70 L.Ed.2d 473 (1981); *Lora v. Board of Educ. of New York City*, 456 F.Supp. 1211 (E.D.N.Y.1978), *vacated*, 623 F.2d 248 (2d Cir.1980); *Howard S. v. Friendswood Indep. Sch. Dist.*, 454 F.Supp. 634 (S.D.Tex.1978). The GaL has not cited any authority that these laws state

a cause of action against an agency with functions similar to CYFD.

12. Therefore we determine that the claims regarding the child's special educational rights were not cognizable against CYFD under § 1983 because the IDEA and Rehabilitation Act do not create a cause of action against CYFD for the appointment of a surrogate parent or for providing an appropriate free public education. We affirm the denial of § 1988 attorney fees because the assertion of due process rights or any facts relating to these rights did not result in any relief and because no other rights cognizable under § 1983 were properly asserted against CYFD.

13. We do not hold that, in an appropriate case, a GaL, such as the one representing the interests of the child in this case, could not make a satisfactory showing of entitlement to § 1988 attorney fees under facts similar to those in this case. We simply hold that such a showing was not made in the proceedings below, as was the GaL's burden. We recently said, in *Gracia v. Bittner*, 120 N.M. 191, 192, 900 P.2d 351, 352 (Ct.App. 1995), that we review the case litigated below, not the case that is fleshed out for the first time on appeal. That proposition is applicable here.

*SECTION 32A–1–19 ATTORNEY FEES*

14. We are not persuaded the children's court erred in denying attorney fees under Section 32A–1–19. The GaL was appointed by the children's court in this case and was compensated pursuant to a contract with the Administrative Office of the Courts (AOC) under the authority of Section 32A–1–19. Although the children's court entered a finding that guardians ad litem are grossly underpaid under the AOC contract, there was no request below to require the AOC to pay more attorney fees under Section 32A–1–19(A). The litigation was only against CYFD, and we do not determine the propriety of any request for fees under Section 32A–1–19(A).

15. Nor are we persuaded that the district court was required to order CYFD to pay the GaL's attorney fees under Section 32A–1–19(B). This statute permits the children's court to order the parents or person legally obligated to care for and support a child to pay for the services of the GaL after notice and a hearing to determine financial ability to pay. Even assuming the GaL properly invoked this provision of the statute, we are not persuaded the district court erred in not requiring CYFD to pay attorney fees under this statute. CYFD is not a "person" within the meaning of the Children's Code. *See In re Doe,* 88 N.M. 632, 634, 545 P.2d 491, 493 (Ct.App.1975), *cert. denied,* (N.M. Feb. 6, 1976).

*CONCLUSION*

16. We appreciate the fact that the children's court found the GaL's actions with respect to the case to be reasonable and appropriate. However, because no relief was granted on the due process claims or any facts relating to these claims and because the GaL failed to state any other cause of action cognizable under § 1983 against CYFD, he is not entitled to attorney fees under § 1988. We are also not persuaded that the GaL was entitled to attorney fees from CYFD under Section 32A–1–19(B). The order denying attorney fees for the GaL's services related to the motion for order to show cause is affirmed.

17. IT IS SO ORDERED.

WECHSLER, J., concurs.

MICHAEL D. BUSTAMANTE, Judge, concurs in part and dissents in part.

MICHAEL D. BUSTAMANTE, Judge (concurring in part, dissenting in part).

18. While I appreciate the work of the majority in this difficult case, I cannot agree with the approach taken in the Opinion and therefore dissent with regard to fees under 42 U.S.C. § 1988. Part of the difficulty faced by the panel was the relative weakness of the record before us. I do not fault the trial court or the parties for the state of the record because they were navigating relatively uncharted waters in considering the issue. The GaL's effort and claim was recognized by all as original and unique. However, the paucity of the record leads me to favor rever-

sal and remand for clarification of certain factual issues. For example, the trial court made it clear that it had not granted relief based on any federal claims the GaL may have presented. I, of course, accept that assertion; but that finding does not end the inquiry insofar as the request for attorney's fees is concerned. The law is clear that a plaintiff can be deemed a "prevailing party" and that fees under Section 1988 may be awarded even when all federal claims are refused if the relief granted flows from a core of common facts. *Maher v. Gagne*, 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980). I am not prepared to say as a matter of law on the record before us that the relief achieved—whether by agreement or under the trial court's order—did not arise from consideration of a core of common facts. Fleshing out the record would be helpful and would provide a measure of confidence in the analysis which I find impossible to achieve currently.

19. I share the majority's concern regarding the specificity with which the GaL identified the federal statutory and constitutional rights he was relying on to support the Section 1983 claims. Given the novelty of the procedure, it would have been far better for him to err on the side of explicitness. However, our rules of civil procedure do not require any particular specificity, and I am reluctant to rely on this basis to help decide this case. SCRA 1986, 1–008 (Repl.1992).

20. I concur in the Opinion's resolution of the issue presented under the IDEA and the state fee provisions.