923 P.2d 608

**STATE of New Mexico, Plaintiff–Appellant,**

v.

**CARLOS A., a child, Defendant–Appellee.**

No. 16624.

Court of Appeals of New Mexico.

July 23, 1996.

Tom Udall, Attorney General, Bill Primm, Assistant Attorney General, Santa Fe, for Appellant.

T. Glenn Ellington, Public Defender, Laurel A. Knowles, Assistant Appellate Defender, Santa Fe, for Appellee.

## OPINION

PICKARD, Judge.

1. This case requires us to determine whether a child's motion to the children's court for modification of sentence must be in writing. We also consider the jurisdiction of the children's court once sentence has been passed and a child has been remanded to the custody of the Children, Youth and Families Department (CYFD).

## FACTS AND PROCEEDINGS

2. Pursuant to a consent decree, Child was placed on probation on December 19, 1994, by the Bernalillo County children's court. On January 17, 1995, the State filed a petition to revoke Child's probation for violation of the terms of his probation. Child entered into a plea agreement on February 3, 1995. On February 20, 1995, after completing a diagnostic evaluation at the Youth Diagnostic and Development Center, Child appeared in children's court for final disposition. He was committed to the CYFD custody for a period not to exceed two years. The judgment and disposition was filed February 20, 1995.

3. At the hearing for the final disposition of Child's case, the children's court initially refused to grant Child a sentence of probation and committed Child to the custody of CYFD. The court stated:

> OK. Carlos, I'm going to commit you to the New Mexico Boy's School for a period not to exceed two years. Mr. Clary [defense counsel], I'll invite a motion to reconsider. I'll bring him back in 60 or 90 days if he's done extremely well. No gang involvement. No fights. Complete respect for authority. I may reconsider. But I'll put it on his shoulders. I want to see what he's able to do. If he's in one fight, if there's one incident that I think is serious, he'll stay there.

Child and the State each apparently agreed with the court's decision. The court then said:

> Lori, tell Margie about that, that I invited a motion on that.

4. Although no written motion was filed with the court requesting a hearing for reconsideration of disposition, a notice of hearing on a motion to reconsider the sentence was filed May 25, 1995. The hearing was held and the motion was granted on June 15, 1995. The children's court modified Child's

sentence to two years of probation under the authority of the Juvenile Intensive Probation Supervision Program. The judgment and disposition reflecting this changed status was filed June 21, 1995. The State appeals the children's court's change of disposition. We affirm.

*DISCUSSION*

5. The State raises two issues on appeal: (1) whether a written motion for reconsideration was necessary to allow the children's court to modify Child's sentence; and (2) whether the children's court had jurisdiction to modify Child's sentence four months after sentencing him to the custody of CYFD. NMSA 1978, Section 32A–2–23(G) (Repl. Pamp.1995), requires that a motion to modify a children's court's sentence be made within thirty days after the sentence is imposed. The statute does not state a subsequent time limit within which the hearing on the motion must be held. *See id.; cf.* NMRA 1996, 5–801(B) (motion to modify adult sentence may be filed within 90 days after entry of sentence, and court shall determine motion within 90 days of filing).

6. We conduct a de novo review of the statute to determine whether the statute required Child to file a written motion. *See Duncan v. Kerby,* 115 N.M. 344, 347–48, 851 P.2d 466, 469–70 (1993) (questions of law are reviewed de novo). Section 32A–2–23(G) provides that:

> A child may make a motion to modify a children's court or adult disposition within thirty days of the judge's decision. If the court is of the opinion that the matter should be reviewed, it may, upon notice to all necessary parties, proceed to a hearing in the manner provided for hearings on petitions alleging delinquency.

The statute does not explicitly require that a motion to modify be made in writing. We agree with the State that the better practice is to file a written motion so that there can be no dispute regarding the making of a motion. However, it is not required by the statute, and this Court will not read such a requirement into the statute. *See Naranjo v. Paull,* 111 N.M. 165, 168, 803 P.2d 254, 257 (Ct.App.1990) (court will not read language into a statute).

7. The State concedes that Section 32A–2–23(G) does not require that a motion to modify a child's sentence be made in writing. Nevertheless, the State argues that a written motion ought to be required, and an oral motion must be clear from the record. According to the State, if an oral motion is sufficient, Child must assume the burden of showing that a motion was made. *See Baca v. Bueno Foods,* 108 N.M. 98, 102, 766 P.2d 1332, 1336 (Ct.App.1988) (one who seeks relief under a statute has the burden of proving that he comes within its terms).

8. We note that there is a presumption of correctness in the rulings or decisions of the trial court and the party claiming error must clearly show error. *State v. Weber,* 76 N.M. 636, 644, 417 P.2d 444, 449 (1966). The State, as any other party, is subject to the rule that it must make its contentions known in the trial court. *State v. Lopez,* 99 N.M. 385, 387, 658 P.2d 460, 462 (Ct.App.), *cert. denied,* 464 U.S. 831, 104 S.Ct. 111, 78 L.Ed.2d 113 (1983).

9. The State's argument that the motion was insufficient is not supported by the proceedings below. We decline to adopt an overly technical requirement that the party favoring a motion invited by the court must say the words "so moved" or words to a like effect before the motion will be deemed made. The motion in this case was made when the judge invited Child's motion to modify immediately after the sentencing. Child agreed, and the State did not object.

10. The motion was understood by both the children's court and Child to have been invited and made immediately after Child's sentence was announced. This was within the thirty-day time frame mandated by the statute. The State failed to object or move to clarify the children's court's decision to reserve the right to modify Child's sentence. The burden is on the party opposing a ruling to make objections known to the court as soon as possible in order to afford the court an opportunity to reconsider its rulings on a matter. *See State v. Montoya,* 80 N.M. 64, 67, 451 P.2d 557, 560 (Ct.App.

1968), *aff'd sub nom. Deats v. State,* 80 N.M. 77, 451 P.2d 981 (1969).

11. After the events that occurred in the instant case, the Supreme Court adopted Children's Court Rule 10–103.1(A). The latter rule specifies that "[a]ll motions, except motions made during trial, or as may be permitted by the court, shall be in writing and shall state with particularity the grounds and the relief sought." NMRA 1996, 10–103.1(A). The latter provision codifies by court rule a requirement that all motions sought to be asserted in the children's court be set out in writing, except those made during trial or otherwise permitted by the court. This rule, which became effective on September 1, 1995, is identical to the provisions of NMRA 1996, 1–007.1(A). Although NMRA 10–103.1(A) became effective after the hearing of the motion in the present case, the rule essentially clarifies the practice previously followed by the children's court. As we have said, the oral motion here was permitted by the court.

■ 12. The State also argues that the children's court lacked subject matter jurisdiction to modify Child's sentence. The State reads Section 32A–2–23(A) and (B), and argues that once a child has been placed in the custody of CYFD, the children's court is divested of jurisdiction. *See Health & Social Servs. Dep't v. Doe,* 91 N.M. 675, 677, 579 P.2d 801, 803 (Ct.App.1978) (once children's court transferred legal custody to HSSD the court's jurisdiction ended). However, the State's argument ignores the fact that Section 32A–2–23(F) and (G) explicitly vest the children's court with the power to reconsider sentences under certain conditions. As we have explained, the motion invited by the court and made by Child was sufficient to invoke the power of the court to modify Child's sentence under Section 32A–2–23(G).

■ 13. It is true that the children's court may not infringe upon the authority of CYFD to place a child during a commitment. *See, e.g., In re Jacinta M.,* 107 N.M. 769, 771, 764 P.2d 1327, 1329 (Ct.App.1988) (once child was placed in custody of CYFD, children's court lacked authority to determine place-

ment of child). However, in this case, the children's court expressly reserved the right to modify the sentence at a future time if Child complied with strict conditions while attending New Mexico Boys' School at Springer. In doing so, the court gave adequate notice to the State that the sentence might be modified at a future time.

14. With regard to the children's court's intention to base the modification decision on Child's intervening behavior, again, the State failed to object to the proposed disposition. *See State v. Lopez,* 84 N.M. 805, 809, 508 P.2d 1292, 1296 (1973); *State v. Lucero,* 104 N.M. 587, 590, 725 P.2d 266, 269 (Ct.App. 1986). The State concedes that a modification hearing is conducted according to the procedure on a petition alleging delinquency, which may consider "all relevant and material evidence". NMSA 1978, § 32A–2–16(G) (Repl.Pamp.1995). Nevertheless, the State argues that permitting the children's court to retain jurisdiction in this case would allow the children's court to retain jurisdiction throughout a child's sentence, thereby diverting CYFD of its obligation under the Code to determine the appropriate length and type of sentence. A similar contention was rejected in *Hayes v. State,* 106 N.M. 806, 808, 751 P.2d 186, 188 (1988) (New Mexico practice does not support State's argument that trial court might infringe on parole board's function).

■ 15. Although the children's court may not retain jurisdiction indefinitely, not every arguable violation of the statutory scheme by a children's court will result in lack of jurisdiction. *Cf. State v. Thomas,* 113 N.M. 298, 300, 825 P.2d 231, 233 (Ct.App. 1991), *cert. denied,* 113 N.M. 44, 822 P.2d 1127 (1992). Child was entitled to rely on the possibility of modification if he abided by the conditions set by the children's court. *See Hayes,* 106 N.M. at 808, 751 P.2d at 188 (defendant entitled to rely on trial court's assurances that motion to modify sentence would be heard). The State did not make a timely objection to alert the children's court of a possible problem with a later modifica-

tion of Child's sentence. Because this is not an issue of an absolute lack of jurisdiction, the State will not now be heard to argue that the children's court impermissibly interfered with the powers of CYFD when it ruled as it did. It may be true, as the State argues, that Child might have received a more lenient sentence under consideration by CYFD and the Juvenile Parole Board. However, if the State had made a timely objection, Child might equally have received probation at the outset.

*CONCLUSION*

16. The children's court's modification of Child's sentence is affirmed.

17. **IT IS SO ORDERED.**

DONNELLY and WECHSLER, JJ., concur.