This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                     **NO. 29,432**

**VALERIE P.,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Freddie J. Romero, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

Child seeks to appeal from an order denying a motion for modification of a judgment, disposition, and commitment. We issued a notice of proposed summary disposition, proposing to affirm. Child has filed a combined motion to amend the docketing statement and memorandum in opposition, which we have duly considered. Because we remain unpersuaded by Child's assertions of error, we affirm.

We will begin our discussion with the motion to amend. Such a motion will only be granted upon a showing of viability. *See State v. Ibarra*, 116 N.M. 486, 490, 864 P.2d 302, 306 (Ct. App. 1993) (denying the defendant's motion to amend because the issue was not viable). By her motion to amend, Child seeks to advance a claim of ineffective assistance of counsel. [MIO 2-3, 6-9] For the reasons that follow, we conclude that this issue is not viable. We therefore deny the motion.

In order to establish any entitlement to relief based on ineffective assistance of counsel, Child must make a prima facie showing by demonstrating that: (1) counsel's performance fell below that of a reasonably competent attorney; (2) no plausible, rational strategy or tactic explains counsel's conduct; and (3) counsel's apparent failings were prejudicial to the defense. *See State v. Herrera*, 2001-NMCA-073, ¶ 36, 131 N.M. 22, 33 P.3d 22.

Child bases her claim on counsel's failure to pursue a motion for reconsideration and an appeal in a timely fashion. [MIO 7] She contends that if these

2

matters had been promptly pursued, she might have been able to demonstrate that continuation of her probation was more appropriate than commitment. [MIO 7]

The chief difficulty with Child's argument is that the record provides no support for it. We have been presented with nothing to indicate what evidence or argument, if any, Child might have presented in support of her position. This is a fatal deficiency. *See generally State v. Torres*, 2005-NMCA-070, ¶ 25, 137 N.M. 607, 113 P.3d 877 (rejecting a claim of ineffective assistance when the defendant failed to demonstrate with specificity how the defense was actually prejudiced); *State v. Powers*, 111 N.M. 10, 12, 800 P.2d 1067, 1069 (Ct. App. 1990) (observing that an insufficient factual basis precludes appellate review of a claim of ineffective assistance of counsel).

In light of the foregoing, we conclude that Child has failed to make a prima facie showing of ineffective assistance of counsel. We therefore deny her motion to amend. *See Ibarra*, 116 N.M. at 490, 864 P.2d at 306 (observing that a motion to amend will be denied if the issue is not viable). To the extent that Child may wish to pursue the matter further, we suggest that habeas corpus proceedings would be the appropriate avenue. *See State v. Baca*, 1997-NMSC-059, ¶ 25, 124 N.M. 333, 950 P.2d 77 ("A record on appeal that provides a basis for remanding to the trial court for an evidentiary hearing on ineffective assistance of counsel is rare. Ordinarily, such

claims are heard on petition for writ of habeas corpus."); *State v. Martinez*, 1996-NMCA-109, ¶ 25, 122 N.M. 476, 927 P.2d 31 ("This Court has expressed its preference for habeas corpus proceedings over remand when the record on appeal does not establish a prima facie case of ineffective assistance of counsel.").

Next, we briefly reiterate a jurisdictional point that we previously raised sua sponte. As we observed in the notice of proposed summary disposition, the authority of the district court to entertain Child's motion for modification of the judgment, disposition, and commitment is questionable, insofar as Child's motion was untimely filed. Under the circumstances, the motion could only have been considered to the extent that the underlying judgment, disposition, and commitment could be characterized as unlawful. *See* Rule 10-252(A) NMRA ("The court may correct an unlawful disposition [in a delinquency proceeding] at any time."). However, as we previously noted, the judgment, disposition, and commitment appears to have been lawful, insofar as it was within the range of permissible responses to Child's probation violation. *See* NMSA 1978, § 32A-2-24(B) (2009) ("If a child is found to have violated a term of the child's probation, the court may extend the period of probation or make any other judgment or disposition that would have been appropriate in the original disposition of the case."); NMSA 1978, § 32A-2-19(B)(1)(b) (2009) (providing that the court may order commitment of not more than two years).

4

In light of the arguments actually advanced below, by which Child sought to challenge the judgment, disposition, and commitment based on a variety of alleged procedural irregularities, [RP 222-24] we remain of the opinion that Child's motion is more accurately characterized as an effort to correct a commitment imposed in an allegedly unlawful manner. Unlike an unlawful disposition, a commitment imposed in an unlawful manner is only subject to correction pursuant to a motion by the respondent if the motion is filed within thirty days after the entry of the judgment. *See* Rule 10-252(A), (B)(1). Because Child's motion was not filed within thirty days after the judgment, disposition, and commitment of May 22, 2008, it was untimely.

In the case of *In re Zac McV.*, a motion for reconsideration was filed by the child several months after the court entered a judgment and disposition ordering his commitment. 1998-NMCA-114, 125 N.M. 583, 964 P.2d 144, ¶¶ 3-4. The children's court concluded that it had no jurisdiction to reconsider because the motion had been filed outside the thirty-day period prescribed by statute. *Id.* ¶ 4. The court's ruling was affirmed on appeal. *Id.* ¶ 17. As this Court explained, the children's court lost jurisdiction when it transferred custody of the child pursuant to the commitment. *Id.* ¶ 12 (discussing NMSA 1978, Section 32A-2-23(A) (2009)). Although certain exceptions exist by which the children's court may exercise jurisdiction after a transfer of custody, the exception applicable to motions filed by respondents

incorporates a thirty-day time limitation. *See id.* ¶¶ 12-14. Because the child failed to file his motion within the mandatory thirty-day period, we concluded that the children's court lacked jurisdiction to consider it, and as such, the motion was properly denied. *Id.* ¶¶ 13, 17, 19.

Applying the foregoing principles, we observe that Child's motion, apparently advanced pursuant to Rule 10-252(B)(1), was filed roughly seven months after the judgment, disposition, and commitment was entered. Thus, it was approximately half a year late. The district court therefore lacked jurisdiction to consider it, and the motion was properly denied. *See In re Zac McV.*, 1998-NMCA-114, ¶¶ 13, 17, 19.

The memorandum in opposition does not address the foregoing jurisdictional dilemma. We therefore remain of the opinion that the principles articulated and applied in *In re Zac McV.* provide an adequate basis for affirmance. However, alternatively, we will briefly address the merits of the three issues raised in the docketing statement and renewed in the memorandum in opposition.

First, Child contends that she was not properly advised of her right to appeal at the time of the hearing; rather, her attorney received the advisement, and a written document to the same effect was filed of record shortly thereafter. [MIO 5] Child contends that this effectively denied her the right to appeal. [MIO 9]

As we previously observed, Rule 10-251 NMRA provides that any failure of

the court to advise a child of the right to appeal "shall toll the time for taking an appeal." Accordingly, the delayed advisement merely extended the deadline upon which notice of appeal was due. Insofar as we have considered Child's appeal on the merits in reliance on the principles articulated in *State v. Duran*, 105 N.M. 231, 233, 731 P.2d 374, 376 (Ct. App. 1986), we fail to see how the delayed advisement could be said to have denied Child the right to appeal.

Second, Child argues that the district court erred in entertaining the State's oral motion for reconsideration. [MIO 10] We remain unpersuaded. Motions for reconsideration in children's court cases need not be in writing. *State v. Carlos A.*, 1996-NMCA-082, ¶ 6, 122 N.M. 241, 923 P.2d 608. Although we have indicated that the filing of written motions is "the better practice," it is not required. *Id.*

Third and finally, Child renews her argument that the State lacked authority to seek reconsideration and commitment. [MIO 10-11] As we previously explained, it appears that Child's commitment had been suspended and she remained on probation at the time that the district court granted the State's motion. [RP 200] It therefore seems clear that the district court retained jurisdiction to modify the disposition. *See* § 32A-2-23(F), (G), (H) (providing that the court may extend or modify a disposition prior to the expiration of a judgment of probation).

Child cites Section 32A-2-23(H) for the proposition that the State is not

authorized to file motions to reconsider. [MIO 10] However, as we previously explained, subparts (F) and (G) of Section 32A-2-23 have been construed to authorize the State to file such motions. *See State v. Dylan A.*, 2007-NMCA-114, ¶ 22, 142 N.M. 467, 166 P.3d 1121 (observing that "motions invited by the court or the State . . . are currently governed by Section 32A-2-23(G)"); *In re Michael L.*, 2002-NMCA-076, ¶¶ 9-11, 132 N.M. 479, 50 P.3d 574 (holding that motions may be filed by the State or pursuant to court invitation pursuant to Section 32A-2-23(F)).

Child also cites Section 32A-2-23(A) for the proposition that the district court lost jurisdiction upon transfer of custody. [MIO 11] However, as we previously indicated, the record reflects no transfer of custody prior to the May 22, 2008 judgment, disposition, and commitment, which is the subject of Child's challenge. [RP 200-201, 205-08] Further, even if Section 32A-2-23(A) was applicable in some sense, we note that the district court nevertheless retained jurisdiction to reconsider pursuant to Section 32A-2-23(F) and (G). *See Dylan A.*, 2007-NMCA-114, ¶ 31 (observing that "Section 32A-2-23(A) merely sets forth the general rule that the children's court loses jurisdiction when it transfers custody of [a c]hild to CYFD" and that "[u]nder other provisions of Section 32A-2-23, the children's court may modify a child's disposition after transfer of custody to CYFD"); *In re Zac McV.*, 1998-NMCA-114, ¶ 12 ("Subsections F and G are exceptions to the general rule

8

spelled out in Section 32A-2-23(A) which provides that the children's court loses jurisdiction when it transfers custody of the child.").

For the foregoing reasons, we remain unpersuaded by Child's assertions of error. We therefore affirm.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Chief Judge**

_____
**MICHAEL D. BUSTAMANTE, Judge**