This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                  **NO. A-1-CA-36876**

**JAMES CRAWLEY,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Brett Loveless, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Aja Oishi, Assistant Public Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1}     Defendant James Crawley appeals the sentence imposed following the revocation of his probation. [MIO 5] In his docketing statement, Defendant asserted

that the district court abused its discretion during sentencing by allowing the State to discuss a charge that did not result in a conviction. [DS 6] This Court issued a calendar notice proposing to affirm the revocation order and Defendant has filed a memorandum in opposition to that disposition as well as a motion to amend the docketing statement to assert a claim of ineffective assistance of counsel. [MIO 3, 8] Having duly considered Defendant's arguments with regard to both issues raised, we remain unpersuaded and affirm.

{2}    With regard to the State's attempted reliance upon a prior charge that did not result in a conviction, our calendar notice pointed out that the district court agreed with Defendant that such material was not relevant in the sentencing proceedings. [CN 2-3] Defendant's memorandum now asserts that, the district court "could not have ignored the district attorney's statements." [MIO 9] Nonetheless, this Court operates pursuant to "a presumption of correctness in the rulings or decisions of the trial court and the party claiming error must clearly show error." *State v. Carlos A.*, 1996-NMCA-082, ¶ 8, 122 N.M. 241, 923 P.2d 608. Further, even if the State's comments had been received as evidence instead of being rejected by the district court, we would note that "[i]n a bench trial, the trial court is presumed to have disregarded improper evidence, and erroneous admission of evidence is not reversible error unless it appears the trial court must have relied on it in reaching its decision."

*State v. Gutierrez*, 1996-NMCA-001, ¶ 4, 121 N.M. 191, 909 P.2d 751 (internal quotation marks and citation omitted). In this case, Defendant's sole basis for asserting that the district court relied upon improper considerations in this specific case is his assertion that the term of incarceration resulting from the revocation of his probation was excessive. [MIO 10]

{3}     The sentence imposed in this case, however, was well within the statutorily approved range under the circumstances. Indeed, Defendant's potential exposure based upon his prior convictions was just over twice the term of incarceration actually imposed by the district court. [MIO 5, 6] We, therefore, cannot agree with Defendant that the term of incarceration in this case establishes an abuse of discretion. And, similarly, the fact that the sentence was statutorily authorized precludes Defendant's attempt to assert an unpreserved claim that his sentence violated constitutional proscriptions against cruel and unusual punishment. [MIO 10] *See State v. Trujillo*, 2002-NMSC-005, ¶ 64, 131 N.M. 709, 42 P.3d 814 (holding that a defendant cannot raise the issue of cruel and unusual punishment for the first time on appeal where the sentence is statutorily authorized).

{4}     In his motion to amend his docketing statement, Defendant asserts that trial counsel "did not keep the inflammatory information from coming in at the sentencing hearing[.]" [MIO 5] From the record before us, however, it is not at all clear that trial

counsel's performance fell below that of a reasonably competent attorney. *See State v. Baca*, 1997-NMSC-059, ¶ 24, 124 N.M. 333, 950 P.2d 776 (explaining that an ineffective assistance claim requires a showing that the "attorney's conduct fell below that of a reasonably competent attorney"). Instead, it appears that when the State first began discussing a case in which Defendant was not ultimately convicted, trial counsel objected promptly, ultimately obtaining a favorable ruling from the district court, which noted that the prior criminal charge was a matter of public record, but that, absent a conviction, no weight could be afforded that charge because of the presumption of innocence. [Tr. 5/2/2017, 4:11-5:17]

{5}     To the extent that Defendant believes he could establish his claim of ineffective assistance if allowed to rely upon matters not appearing in the present record, we note that the general preference in New Mexico is that such claims be adjudicated in habeas corpus proceedings, rather than on direct appeal. *State v. Grogan*, 2007-NMSC-039, ¶ 9, 142 N.M. 107, 163 P.3d 494; *Duncan v. Kerby*, 1993-NMSC-011, ¶ 4, 115 N.M. 344, 851 P.2d 466. "This preference stems from a concern that the record before the [district] court may not adequately document the sort of evidence essential to a determination of trial counsel's effectiveness." *State v. Schoonmaker*, 2008-NMSC-010, ¶ 31, 143 N.M. 373, 176 P.3d 1105 (internal quotation marks and

4

citation omitted), *overruled on other grounds by State v. Consaul*, 2014-NMSC-030, ¶ 38, 332 P.3d 850.

**{6}** Thus, for the foregoing reasons, as well as the reasons provided in our calendar notice, we affirm the district court's revocation order without prejudice to Defendant's opportunity to pursue a claim of ineffective assistance of counsel in post-conviction proceedings.

**{7}** **IT IS SO ORDERED.**

_____
**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____
**DANIEL J. GALLEGOS, Judge**

_____
**JENNIFER L. ATTREP, Judge**