This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40015**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**SAIDRECK D.,**

Child-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Drew D. Tatum, District Judge**

Hector H. Balderas, Attorney General
Van Snow, Assistant Attorney General
Santa Fe, NM

for Appellee

Harrison & Hart, LLC
Daniel J. Gallegos
Nicholas T. Hart
Albuquerque, NM

for Appellant

## DECISION

**IVES, Judge.**

**{1}** After Child pleaded guilty to several crimes, the district court concluded that Child was not amenable to treatment and sentenced him as an adult to fifteen years of incarceration. On appeal, Child challenges the amenability determination and requests that we remand his case to the district court for further amenability proceedings. The State defends the amenability determination on the merits and argues that Child waived the right to challenge that determination on appeal. Assuming without deciding that there is no waiver, we affirm.

**DISCUSSION**

**{2}**     Child contends that the district court abused its discretion, *State v. Nehemiah G.*, 2018-NMCA-034, ¶ 42, 417 P.3d 1175, by concluding that Child, who was adjudicated a youthful offender, should receive an adult sentence, rather than juvenile sanctions, under NMSA 1978, § 32A-2-20 (2009). Section 32A-2-20 provides, in pertinent part, that in deciding whether a youthful offender should be sentenced as an adult, the district court must determine whether "the child is not amenable to treatment or rehabilitation as a child in available facilities." To make that determination, the district court must consider eight factors:

(1) the seriousness of the alleged offense;

(2) whether the alleged offense was committed in an aggressive, violent, premeditated or willful manner;

(3) whether a firearm was used to commit the alleged offense;

(4) whether the alleged offense was against persons or against property, greater weight being given to offenses against persons, especially if personal injury resulted;

(5) the maturity of the child as determined by consideration of the child's home, environmental situation, social and emotional health, pattern of living, brain development, trauma history and disability;

(6) the record and previous history of the child;

(7) the prospects for adequate protection of the public and the likelihood of reasonable rehabilitation of the child by the use of procedures, services and facilities currently available; and

(8) any other relevant factor, provided that factor is stated on the record.

*Id.*

**{3}**     We begin by addressing Child's argument that the district court ran afoul of Section 32A-2-20(B) and *Nehemiah G.*, 2018-NMCA-034, ¶¶ 44-45, by failing to make findings regarding factors five and eight.[1] Specifically, Child contends that the court merely summarized the evidence. We disagree. The district court's order states that it "finds as follows"; then discusses each of the eight statutory factors individually with references to selected parts of the amenability report of Dr. Alexander Paret; and finally states that "[u]pon a consideration of the aforementioned factors, this Court agrees with the conclusions drawn by Dr. Paret." Reading the order holistically, we reject Child's

---

1Child concedes that the district court made findings as to factors one, two, three, and four, and he does not contend that the court failed to make a finding as to factors six and seven.

interpretation and conclude instead that the district court made findings as to all eight factors. As to factors five and eight, the court adopted Dr. Paret's opinions and found in favor of the State. In our view, this case is distinguishable from *Nehemiah G.*, in which the district court entered an order that did not discuss any of the factors, 2018-NMCA-034, ¶ 40, and "orally summarized—but did not make findings about—most of the testimony." *Id.* ¶ 37. Although the district court could have said more with respect to factors five and eight, it did not fail to make findings as to those factors. The findings in the court's order served the purpose of amenability findings: "to show that the district court gave proper consideration to the issue of amenability to treatment or rehabilitation." *State v. Sosa*, 1997-NMSC-032, ¶ 9, 123 N.M. 564, 943 P.2d 1017, *abrogated on other grounds by State v. Porter, 2020-NMSC-020, ¶ 7, 476 P.3d 1201.*

**{4}** Child also argues that even if the district court made findings as to factors five and eight, those findings are not supported by substantial evidence, *Nehemiah G.*, 2018-NMCA-034, ¶ 64, and are "clearly against the logic and effect of the facts and circumstances of the case." *Sosa*, 1997-NMSC-032, ¶ 7 (internal quotation marks and citation omitted). We are not persuaded. Viewing the evidence in the light most favorable to the district court's decision and resolving all conflicts and indulging all permissible inference to uphold that decision, *State v. Gonzales*, 2001-NMCA-025, ¶ 40, 130 N.M. 341, 24 P.3d 776, *overruled on other grounds by State v. Rudy B.*, 2009-NMCA-104, ¶¶ 1, 53, 147 N.M. 45, 216 P.3d 810, *rev'd*, 2010-NMSC-045, ¶ 60, 149 N.M. 22, 243 P.3d 726, we conclude that substantial evidence supports the district court's findings as to factors five and eight. Specifically, a reasonable mind could accept the parts of Dr. Paret's report that the district court relied on as adequate to support the court's findings as to factors five and eight under a clear and convincing evidence standard. *Id.* Child argues that certain statements in Dr. Paret's report supported inferences different than those drawn by the district court, but our task as an appellate court is to "disregard[] all evidence and inferences" contrary to the district court's findings." *Id.* We may not reweigh the evidence or substitute our judgment for the district court's. *Id.* Because Dr. Paret's report supported the inferences drawn by the district court, we conclude that the district court did not abuse its discretion in finding that factors five and eight weighed in favor of concluding that Child was not amenable. By identifying reasons why the district court might have found in his favor as to those factors, Child has not carried his burden of establishing an abuse of discretion because the district court's order and Dr. Paret's report included adequate reasons to find in the State's favor as to those factors. *See State v. Smith*, 2016-NMSC-007, ¶ 27, 367 P.3d 420 ("If there are reasons both for and against a court's decision, there is no abuse of discretion. It is a defendant's burden to establish that the trial court abused its discretion."). Child has not persuaded us that the district court's findings were clearly against the logic and effect of the facts and circumstances of the case.[2] *See Sosa*, 1997-NMSC-032, ¶ 7.

---

[2]Child also asserts that because the district court listed the charges in the instant case as part of Child's criminal history, the court must have double counted those charges—once with respect to factors one through four (which pertain to the nature of those offenses) and once with respect to factor six. Child invites us to infer from the record in this case that the district court failed to recognize the difference

**{5}** Finally, Child argues that the district court's failure to adequately explain its reasons for determining that Child was not amenable suggests that the court did not weigh and balance the statutory factors. As we understand the arguments in Child's briefs, as elaborated on and refined during oral argument, Child contends that because the district court failed to explicitly state whether each factor weighed for or against amenability and failed to explain how it analyzed the factors collectively, it is impossible to determine whether the court actually weighed the statutory factors and impossible to conduct meaningful appellate review. Child's argument has persuasive force in theory; an explanation *could* be thin enough to produce both problems. However, we are not convinced that the explanation given by the district court here was inadequate under the circumstances of Child's case. The district court adopted conclusions drawn by Dr. Paret with respect to each of the eight statutory factors, and the court's order indicates that it found that all of the factors weighed against a finding of amenability. This gives us confidence that the district court weighed all of the factors. And because the district court did not find that any of the factors weighed in favor of amenability, it was not necessary for the district court to explain how it balanced the factors collectively. Stated differently, having concluded that all the factors weighed against amenability, there was no more balancing for the court to do and therefore nothing more to explain. Although we can imagine cases in which a more fulsome explanation would be necessary to ensure that the district court actually considered all of the factors and to allow for meaningful appellate review, this is not such a case.

**{6}** We hold that no reversible error occurred. Under the law that governs this case, we must affirm.

**{7}** Although the Delinquency Act and the precedent interpreting it bound the district court and bind us, we feel compelled to state that we find New Mexico's approach to amenability determinations and the sentencing of youthful offenders troubling for the reasons set forth by a panel of this Court last year:

> When the crime committed by the child was violent and the child is within a few years of age twenty-one when the amenability determination is made, the court is often forced to send the child to prison rather than take the risk that the child will reoffend upon release at age twenty-one. This unfortunate result for the child and for society could be avoided, better serving the legislative purpose of the Delinquency Act, by permitting the district court to conditionally send a child for treatment and then, later, at age twenty-one, revisit the sentence with knowledge of how the child has actually performed. The ability to impose an appropriate sentence at age twenty-one, if rehabilitation has not been achieved, would allow our courts

---

between past offenses and the offenses in the case before it. We decline to do so. We begin with the presumption that the district court recognized the difference between past and current charges and did not place undue weight on the current charges. *See* State *v. Carlos A.*, 1996-NMCA-082, ¶ 8, 122 N.M. 241, 923 P.2d 608 (recognizing that appellate courts presume that district courts rule correctly, and that the appellant bears the burden of demonstrating error). Child has not persuaded us that the mere mention of the current charges in the criminal history discussion establishes that the district court erred.

to fully implement legislative intent to treat children as children so long as they can benefit from the treatment and rehabilitation provided for in the Delinquency Act while also having the necessary assurance that the public is protected.

*State v. Carlos A.*, No. A-1-CA-38678, mem. op. ¶ 26 (N.M. Ct. App. Feb. 22, 2021) (nonprecedential) (text only). We hope that our Legislature will consider the approach proposed by the panel in *Carlos A.* and perhaps alternative approaches as well.

**CONCLUSION**

**{8}**    We affirm.

**{9}    IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**SHAMMARA H. HENDERSON, Judge**

**JANE B. YOHALEM, Judge**