This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-40607**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.

**FRANKIE A. MALDONADO,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF GRANT COUNTY**
**Jim Foy, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
MJ Edge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**YOHALEM, Judge.**

**{1}**     This matter was submitted to the Court on the brief in chief in the above-entitled cause, pursuant to this Court's notice of assignment to the general calendar with modified briefing. Having considered the brief in chief, concluding the briefing submitted to the Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022, we affirm for the following reasons.

**{2}** Defendant contends that his right to effective assistance of counsel was violated, because trial counsel did not successfully inquire before the jury about Victim's familiarity with pornography, with prejudice to Defendant "from important exculpatory evidence being excluded." [BIC 11] "To evaluate a claim of ineffective assistance of counsel, we apply the two-prong test in *Strickland v. Washington*, 466 U.S. 668, 687 . . . (1984)." *State v. Dylan J.*, 2009-NMCA-027, ¶ 36, 145 N.M.719, 204 P.3d 44. "That test places the burden on the defendant to show that his counsel's performance was deficient and that the deficient performance prejudiced his defense." *Id.* "If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition, although an appellate court may remand a case for an evidentiary hearing if the defendant makes a prima facie case of ineffective assistance." *State v. Crocco,* 2014-NMSC-016, ¶ 14, 327 P.3d 1068 (internal quotation marks and citation omitted).

**{3}** Defendant makes a specific argument as to his trial counsel's ineffective assistance at his jury trial. Defendant argues that trial counsel failed to properly elicit any testimony as to Victim's familiarity with pornography. [BIC 8-9] Defendant argues that trial counsel did not question Victim as to his familiarity with pornography and also failed to ask Victim's mother—a witness for Defendant—about Victim's knowledge of pornography using any permissible questions according to the rules of evidence; in other words, after the district court sustained a hearsay objection to trial counsel's initial question to Victim's mother, trial counsel failed to argue an exception to the hearsay rule or rephrase the line of questioning to establish a foundation for Victim's mother to give testimony regarding the matter. [BIC 8-9, 12]

**{4}** Defense counsel's performance is deficient if his or her conduct falls below that of a reasonably competent attorney. *State v. Grogan*, 2007-NMSC-039, ¶ 11, 142 N.M. 107, 163 P.3d 494. "[J]udicial review of the effectiveness of counsel's performance must be highly deferential, and courts should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Lytle v. Jordan*, 2001-NMSC-016, ¶ 50, 130 N.M. 198, 22 P.3d 666 (internal quotation marks and citation omitted); *see also State v. Roybal*, 2002-NMSC-027, ¶ 21, 132 N.M. 657, 54 P.3d 61 (stating that an appellate court presumes that counsel's performance "fell within a wide range of reasonable professional assistance" (internal quotation marks and citation omitted)). "We indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *State v. Hunter*, 2006-NMSC-043, ¶ 13, 140 N.M. 406, 143 P.3d 168 (internal quotation marks and citation omitted).

**{5}** Again, Defendant argues that he was denied effective assistance because trial counsel did not successfully ask questions before the jury regarding whether Victim was familiar with pornography. [BIC 12] Defendant says that it was important to present this theoretical evidence to the jury because it would have shown that Victim "had knowledge he could incorporate into details of his fabricated allegations to make them

more believable." [BIC 13] Defendant suggests that this might have shown a "material fact," pursuant to Rule 11-807(A) NMRA, regarding the residual exception to hearsay, as it might have shown that Victim "could fabricate a claim that included this kind of convincing detail." [BIC 15] Defendant argues that testimony about whether Victim "had acquired familiarity with pornography from an outside source prior to his disclosure of allegations against [Defendant] was clearly crucial evidence for the defense." [BIC 16] "Such evidence was probative in that it would have a tendency to make it more or less probable that [Victim], at his young age, would have a basis of knowledge and thus the ability to incorporate a convincing detail into his fabrications." [BIC 16] "Testimony that [Victim] had acquired familiarity with pornography from an outside source, would tend to prove that he would know how to believably incorporate it into the allegations, even if he fabricated them." [BIC 18] Defendant argues that trial counsel knew or should have known that this line of questioning was significant to the defense, because he attempted to ask the questions of Victim's mother, who testified on behalf of Defendant. [BIC 12]

**{6}** We disagree with Defendant's contentions. It appears that Defendant's speculations about what familiarity Victim had with pornography would go to Victim's credibility in making the allegations against Defendant. This does not appear to be an element of the case, a material fact, or "important exculpatory evidence," as Defendant characterizes it. [BIC 11] We note that the record reflects that at trial, counsel challenged Victim's credibility in other ways, including impeaching Victim with other statements and presenting as a witness Victim's cousin, who testified that Victim admitted he "was making up the allegations against [Defendant]." [BIC 8-9, 10] In this case, trial counsel's decisions—made in front of a jury—regarding whether to follow up with Victim's mother, or whether to ask Victim himself, a child, about pornography, appear to be firmly within the realm of trial strategy. Again, "if on appeal we can conceive of a reasonable trial tactic which would explain the counsel's performance, we will not find ineffective assistance." *Roybal*, 2002-NMSC-027, ¶ 21; *see also Hunter*, 2006-NMSC-043, ¶ 13.

**{7}** Furthermore, Defendant also has not established that deficient performance prejudiced his defense. *See Dylan J.*, 2009-NMCA-027, ¶ 36. A defense is prejudiced if, as a result of the deficient performance, "there was a reasonable probability that the result of the trial would have been different." *Id.* ¶ 38 (omission, internal quotation marks, and citation omitted). "[M]ere evidentiary prejudice is not enough." *Roybal*, 2002-NMSC-027, ¶ 25. Because Defendant was able to successfully challenge Victim's credibility in other ways before the jury, Defendant has not established that he was prejudiced by trial counsel's alleged deficiencies, and thus has not established ineffective assistance.

**{8}** We note Defendant raises other arguments of error, as well. "There is a presumption of correctness in the district court's rulings," and it is the appellant's "burden on appeal to [clearly] demonstrate any claimed error." *State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211; *see also State v. Carlos A.*, 1996-NMCA-082, ¶ 8, 122 N.M. 241, 923 P.2d 608 ("[T]here is a presumption of correctness in the rulings or decisions of the trial court and the party claiming error must clearly

show error."); *Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 ("The presumption upon review favors the correctness of the trial court's actions. Appellant must affirmatively demonstrate its assertion of error."). We acknowledge that Defendant states that the district court judge assigned to the case was improperly excused and that the judge assigned to the case "had previous dealings" with Defendant. [BIC 19] Defendant claims that he did not receive discovery until the day of trial. [BIC 19] Defendant argues that the prosecution presented insufficient evidence to support a conviction. [BIC 19] Defendant asserts that it was error that the district court admitted Victim's testimony, even though it had been impeached. [BIC 19] Defendant states that the district court should have given Victim's mother immunity to testify. [BIC 19] Defendant argues that trial counsel's closing was inadequate. [BIC 19] Finally, Defendant claims that the jury was improperly sworn and also viewed a prosecution exhibit, with trial counsel's assent, during deliberation. [BIC 19]

**{9}**    While Defendant makes these assertions as statements, Defendant does not further elaborate on any of these arguments. "We will not review unclear arguments, or guess at what [a party's] arguments might be." *Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076; *Elane Photography v. Willock, LLC*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 (same) (internal quotation marks, and citation omitted). "This Court has no duty to review an argument that is not adequately developed." *Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701. Because Defendant does not elaborate any further on these claims of error, and applying the presumption of correctness to the district court proceedings, this Court concludes that Defendant's assertions do not rise to reversible error.

**{10}**   We note that nothing in this decision precludes Defendant from pursuing relief pursuant to a collateral habeas corpus proceeding, particularly as to claims of ineffective assistance of counsel, should he so choose. *See, e.g.*, *Roybal*, 2002-NMSC-027, ¶ 19 (stating that if facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition).

**{11}**   For the foregoing reasons, we affirm.

**{12}    IT IS SO ORDERED.**

**JANE B. YOHALEM, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**KRISTINA BOGARDUS, Judge**