This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41677**

**DAVID CORDOVA,**

Plaintiff-Appellee,

v.

**ERIC J. HEINRICH,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Maria Sanchez-Gagne, District Court Judge**

David Cordova
Santa Fe, NM

Pro Se Appellee

Eric J. Heinrich
Santa Fe, NM

Pro Se Appellant

### MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}**     Defendant, a self-represented litigant, appeals from the district court's order granting Plaintiff a permanent injunction against Defendant. We issued a notice proposing to summarily affirm. Defendant has filed a memorandum in opposition to our notice, which we have duly considered. We remain unpersuaded and affirm.

**{2}**     Defendant's response to our notice maintains that the evidence was insufficient to support the restraining order. However, Defendant has never provided this Court with a complete summary of the testimony or evidence presented in district court, despite his claims to the contrary. Where an appellant fails in the obligation under Rule 12-208

NMRA to provide us with a summary of all the facts material to consideration of the issue raised on appeal, we cannot grant relief on the ground asserted. *State v. Chamberlain*, 1989-NMCA-082, ¶ 11, 109 N.M. 173, 783 P.2d 483. Rather than complying with this Court's instructions to provide us with a summary of all relevant facts, Defendant's memorandum in opposition shows an expectation that this Court should have read the transcript of the district court's hearing. Defendant appears to misunderstand that, at this juncture, this Court is not in possession of audio records or complete transcripts for any hearing below, and more fundamentally, that it is his obligation to demonstrate error in our proposed disposition and to provide a concise and accurate summary of the facts material to the issues on appeal. *See* Rule 12-208(D)(3), (4); Rule 12-210 NMRA (setting forth the calendaring procedure for direct appeals). Defendant's memorandum in opposition did not cure the deficiencies in his docketing statement.

**{3}** As stated in our notice, the record shows efforts by Plaintiff to provide support for his claims and shows that the district court heard testimony from Plaintiff, which we presume also supported his claims. [RP 1, 6-17, 34] *See State v. Carlos A.*, 1996-NMCA-082, ¶ 8, 122 N.M. 241, 923 P.2d 608 ("[T]here is a presumption of correctness in the rulings or decisions of the trial court and the party claiming error must clearly show error."). We again emphasize that Plaintiff's own testimony constitutes evidence upon which the district court may rely in reaching its decision. *Cf. State v. Roybal*, 1992-NMCA-114, ¶ 9, 115 N.M. 27, 846 P.2d 333 (upholding a conviction on the basis of the testimony of a single witness). And, we defer to a district court's resolution of a conflict in the testimony of the witnesses and its determination of where weight and credibility lie. *State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482. Because Defendant has not provided us with a complete description of the testimony and other evidence presented in district court, and the record suggests that Plaintiff testified on his own behalf, we will not further entertain Defendant's assertion that Plaintiff failed to provide support for his claims. *See Chamberlain*, 1989-NMCA-082, ¶ 11 (refusing to grant relief where a full recitation of relevant facts are not provided).

**{4}** To the extent Defendant relies on the absence of evidence showing that Defendant sent threatening emails or texts to Plaintiff or his family members [MIO 1], we are not persuaded this demonstrates error. Plaintiff's complaint for a restraining order alleged that Defendant physically and verbally attacked Plaintiff in person and sent threatening emails about Plaintiff to Plaintiff's colleagues and coworkers. [RP 1] Plaintiff attached the police report Plaintiff filed and copies of emails that Defendant had sent. [RP 6-17] Plaintiff's complaint did not allege that that Defendant sent threatening emails or texts to Plaintiff or to his family members, and we see no need for Plaintiff to have done so in seeking the restraining order against Defendant.

**{5}** Lastly, Defendant relies on purported findings made by a nonjudicial hearing panel to support his attack on the sufficiency of the evidence presented in district court. [MIO 1-2] The proceedings to which Defendant refers are not a matter of record in the current case and present no issue for our review. *See In re Aaron L.*, 2000-NMCA-024, ¶ 27, 128 N.M. 641, 996 P.2d 431 ("This Court will not consider and counsel should not

refer to matters not of record in their briefs."); *Kepler v. Slade*, 1995-NMSC-035, ¶ 13, 119 N.M. 802, 896 P.2d 482 ("Matters outside the record present no issue for review." (internal quotation marks and citation omitted)).

**{6}** For the reasons stated above and in our notice, we hold that Defendant has not demonstrated error and affirm the district court.

**{7}** **IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**KRISTINA BOGARDUS, Judge**